*Petition dismissed, and judgment for defendants.*

POLLOCK and ROBERTS, JJ., concur.

---

## LOUCKS v. NEW YORK, CHICAGO & ST. LOUIS RAILWAY CO.

*Negligence — Directed verdict not erroneous, when — Contributory negligence — Employers' liability acts apply, when.*

1. Usually negligence and contributory negligence are questions for the jury to determine, but where negligence of the defendant and contributory negligence of the plaintiff are inferable, and inferable only from the failure of each of them to anticipate and guard against the happening of a certain contingency, and that inference is based upon a knowledge of the same facts, and it is unequivocally established that the plaintiff fully understood and appreciated those facts and that defendant's knowledge of such facts was doubtful, and at best only implied, a situation is presented in which it plainly appears that if the defendant was negligent the plaintiff was also guilty of contributory negligence; and as to this no two reasonable minds could differ and therefore under such circumstances it is not error for the court to direct a verdict for the defendant.

2. In an action for negligence it is not error for the court to direct a verdict for the defendant at the close of all the evidence where a situation is presented concerning which no two reasonable minds could differ, in which it plainly appears that if defendant was negligent the plaintiff was also guilty of contributory negligence.

3. Both the Federal and Ohio employers' liability acts, which abolish or modify the common-law doctrine of contributory negligence, apply only where the parties sustain the relation of master and servant.

(Decided December 24, 1919.)

ERROR:   Court of Appeals for Cuyahoga county.

*Messrs. Howell, Roberts & Duncan,* for plaintiff in error.

*Messrs. Tolles, Hogsett, Ginn & Morley,* for defendant in error.

WASHBURN, J.   In this case the record discloses that plaintiff was a brakeman in the employ of The Cromwell Steel Company, which owned two engines and several cars which it used in its manufacturing plant; that the automatic coupling devices on said cars were not in working order, in fact were not connected up, and the cars were habitually used in that condition.

The defendant railway company delivered a car of freight from another common carrier to the steel company; later, after the car of freight was in the plant of the steel company, it was discovered by plaintiff that its automatic coupler was out of order and in the same condition as the couplers on the cars of the steel company. A day or two later, with full knowledge that the car so delivered by defendant was in that condition, plaintiff assisted in coupling it to a car of the steel company; and, still later, when it became necessary to uncouple said cars, plaintiff, knowing the exact condition of said cars, went in between them to uncouple them by hand, and, while so engaged, the engine, instead of being moved so as to separate the cars, was negligently moved in the opposite direction, which resulted in plaintiff's injury.

There was no evidence other than as inferable from the facts above stated that the car so delivered by the defendant railway was defective at the time of its delivery, and there was evidence introduced by the plaintiff to the effect that the car had passed through at least one inspection point just before being delivered to the steel company, but as the defendant offered no evidence there was no showing that the car was actually inspected.

It was admitted that the car was not owned by the defendant railway, and that it had nothing to do with the transaction except to receive the car from another carrier, transport it over its road, and deliver it to the steel company.

Plaintiff sued the railway alone, and at the close of plaintiff's evidence the common pleas court, on motion of the defendant, directed a verdict in favor of the defendant.

Plaintiff claims that the court committed error in doing so, and that this judgment should be reversed.

The defendant claims that the action of the court in directing a verdict was justified on any one of four grounds, which it is unnecessary to enumerate here, one of the grounds being that no negligent act or omission of the defendant proximately caused or contributed to cause the injury, and another being that the plaintiff's own negligence proximately contributed to cause the injury.

It was clearly proven and fully conceded that the immediate cause of the injury was the negligent operation of the engine. If it had been moved in the opposite direction, as it was expected it would be moved, the accident would not have happened. That same thing would have happened if the plain-

tiff had been uncoupling any two cars of the steel company, which he habitually used in the same manner.

If the defendant was negligent, on the assumption that it delivered a defective car, it would be negligent only because it should have reasonably anticipated that plaintiff might be injured in trying to uncouple the cars by hand, and if it should have anticipated such result, the plaintiff, who according to his own testimony knew and appreciated all the facts when he went between the cars, should himself have anticipated such result; his contributory negligence was as inferable as was the negligence of the defendant, and inferable, too, from a knowledge of the same facts.

Usually negligence and contributory negligence are questions for the jury to determine, but where negligence of the defendant and contributory negligence of the plaintiff are inferable, and inferable only from the failure of each of them to anticipate and guard against the happening of a certain contingency, and that inference is based upon a knowledge of the same facts, and it is unequivocally established that the plaintiff fully understood and appreciated those facts and that defendant's knowledge of such facts was doubtful, and at best only implied, a situation is presented in which it plainly appears that if the defendant was negligent the plaintiff was also guilty of contributory negligence; and as to this no two reasonable minds could differ and therefore under such circumstances it was not error for the court to direct a verdict for the defendant.

· What has been said has application only to the contention of plaintiff that defendant was liable under the principles of the common law, but the conclusion reached disposes of the case unless plaintiff can claim the benefit of the Federal Safety Appliance Act, assuming that said act establishes a duty owing by defendant to the plaintiff and that plaintiff is relieved of the consequences of his contributory negligence by said act or by other enactments of congress or of the legislature of the state of Ohio.

That act professes to be for the purpose of promoting "the safety of employees and travelers upon railroads" engaged in interstate commerce; it makes it an offense for a *common carrier* "hauling or permitting to be hauled or used *on its line* any car" not equipped as provided by the act; it relieves "any *employee* of any such common carrier" from the common-law assumption of risk for injury occasioned by the violation of the act.

The act appears to affect the employes of the carrier solely, and not employes of third persons or other corporations. Such is the construction given the Federal Employers' Liability Act by the supreme court of the United States in *Robinson* v. *B. & O. Ry. Co.,* 237 U. S., 84, a case wherein the court held:

"Congress in legislating on the subject of carriers by rail was familiar with the situation and used the term employe in its natural sense and did not intend to include as employes of the carrier persons on interstate trains engaged in various services for other masters."

See also *Chicago, Rock Island & Pacific Ry. Co. v. Bond, Admr.,* 240 U. S., 449.

We are constrained to hold in this case that the Federal Safety Appliance Act did not apply to the plaintiff, who was employed and paid and fully controlled by The Cromwell Steel Company, and in no sense doing any work for or under the direction of the defendant; that for that reason the act in question did not create a liability in favor of the plaintiff and against the defendant.

The act did not abrogate or modify in any particular the doctrine of contributory negligence, but that act must be construed in connection with the Federal Employers' Liability Act and the legislation of the state of Ohio on the subject of contributory negligence; and, assuming that the Federal Safety Appliance Act inured to the benefit of one in the position of plaintiff, the question remains: Is he relieved of the consequences of his contributory negligence by the Federal Employers Liability Act or any act of the legislature of Ohio?

Plaintiff not being an employe of the defendant, none of the acts, state or national, which abolish or modify the common-law doctrine of contributory negligence apply to him. Such acts by their very terms apply only where the parties sustain the relation of master and servant, and as the plaintiff in this case was not the servant of the defendant he cannot claim the benefit of such acts.

*Judgment affirmed.*

DUNLAP, P. J., and VICKERY, J., concur.