KING, APPELLANT, *v.* NEW YORK, CHICAGO & ST. LOUIS RD. CO., APPELLEE.

(No. 5981—Decided May 18, 1966.)

*Messrs. Spangenberg, Hasenflue & Shibley* and *Mr. Robert E. Bauman,* for appellant.

*Mr. Thomas Maguire* and *Messrs. Robison, Curphey & O'Connell,* for appellee.

124

GRAY, J. This cause is in this court on appeal on questions of law from a judgment of the Common Pleas Court of Lucas County.

The solution to the matters herein involved turns upon the construction of the pleadings filed in this cause.

Plaintiff filed three petitions. The gist of the complaint contained in the first petition is as follows:

"On or about the 31st day of January, 1962, plaintiff was engaged in performing his work for his employer which required him to operate a boxcar delivered by defendant herein in interstate commerce to his employer. While plaintiff was so engaged and as a direct and proximate result of the violation by the defendant of a statute of the United States known as the Safety Appliance Act, the hand-brakes on said boxcar on which the plaintiff was working were inefficient and failed to stop the movement of said boxcar, causing a collision, throwing the plaintiff from said car, and causing him the serious, permanent and disabling injuries more fully hereinafter set forth.

"The negligence of the defendant herein was a direct and proximate cause of the plaintiff's injury and its violation of the Safety Appliance Act contributed to cause plaintiff's injuries herein."

A motion to this petition, filed by defendant, was sustained in part and overruled in part by the trial court.

An amended petition was filed by plaintiff. Plaintiff repeated the allegations contained in the first paragraph above and added the following allegations as his second paragraph in this amended petition:

"The violation by the defendant herein of the Safety Appliance Act directly caused plaintiff's injuries."

To the amended petition defendant then demurred on the ground that the petition did not state a cause of action.

The demurrer to the amended petition was sustained, the trial court in its entry stating:

"The court finds that plaintiff has pleaded an alleged violation of the Safety Appliance Act without allegation of negligence. The court further finds that the plaintiff was not an employee of defendant railroad company, and therefore, has failed to state facts sufficient to constitute a cause of action. Accordingly, the demurrer is well taken and should be sustained."

Thereupon, plaintiff filed his second amended petition, in·

which no mention was made of the Federal Safety Appliance Act. The essence of the complaint of the second amended petition is stated in the seventh paragraph thereof as follows:

"Plaintiff says that defendant was negligent in failing to give said boxcar an adequate inspection at said interchange point and in accepting a car with an inefficient handbrake. Defendant was negligent in hauling and using on its line a car equipped with an inefficient handbrake. Defendant was negligent in delivering upon the siding of Dewine & Hamma Seed Co., Inc., a boxcar equipped with an inefficient handbrake when it knew that employees of that industry would be likely to use such handbrake in moving the car after unloading."

Defendant moved the court to strike plaintiff's second amended petition from the files, which motion was sustained, and the second amended petition was dismissed with prejudice.

Plaintiff then filed his notice of appeal and assigns the following errors:

1. The trial court committed error in sustaining defendant's demurrer to plaintiff's amended petition.

2. The court committed error in sustaining defendant's motion to strike the second amended petition from the files, and in entering final judgment for the defendant.

The first assignment of error complains of a ruling of the trial court in sustaining a demurrer to plaintiff's amended petition. Plaintiff having elected to file a second amended petition, he thereby abandoned the previous pleadings and now relies upon the last amended petition. *Wrinkle* v. *Trabert, Admr.*, 174 Ohio St. 233; *Grimm* v. *Modest,* 135 Ohio St. 275. The first assignment of error is not well taken.

The purpose of the Federal Safety Appliance Act (Section 1 *et seq.,* Title 45, U. S. Code) is to promote the safety of railroad employees, those using the facilities of the railroad, and the public. To effectuate this humanitarian purpose, the Act must be liberally construed. See *Carbon County Ry. Co.* v. *United States* (1962), 309 F. 2d 938, and cases therein cited.

Even though plaintiff was not an employee of the defendant, he is entitled to the benefit of the provisions of the Federal Safety Appliance Act. In *Shields* v. *Atlantic Coast Line Rd. Co.* (1956), 350 U. S. 318, 100 L. Ed. 364, 76 S. Ct. 386, the U. S. Supreme Court said:

"There is no merit in respondent's contention that, since

petitioner is not one of its employees, no duty is owed him under Section 2 of the Act. Having been upon the dome running board for the purpose of unloading the car, he was a member of one class for whose benefit that device is a safety appliance under the statute. As to him, the violation of the statute must therefore result in absolute liability. * * *''

Plaintiff in the *Shields case* was an independent contractor unloading a tank car of gasoline at the direction of the consignee. He was injured in a fall as a result of the breaking of the dome running board of the tank car.

To the same effect is *Coray, Ancillary Admr.,* v. *Southern Pacific Co.* (1949), 335 U. S. 520, 93 L. Ed. 208, 69 S. Ct. 275. In *Coray,* plaintiff was an employee of defendant, operating a railroad motor car which collided with the rear of a freight train which had stopped suddenly and unexpectedly due to defective brakes. The Supreme Court of the United States said:

The Federal Safety Appliance Act protects ''all who need protection from dangerous results due to maintenance or operation of congressionally prohibited defective appliances.''

See, also, *Barney* v. *Staten Island Rapid Transit Ry. Co.* (1963), 316 F. 2d 38, and *Fairport, Painesville & Eastern Rd. Co.* v. *Meredith* (1934), 292 U. S. 589, 78 L. Ed. 1446, 54 S. Ct. 826.

Efficient hand brakes are required under the Federal Safety Appliance Act.

In *Myers* v. *Reading Co.* (1947), 331 U. S. 477, 91 L. Ed. 1615, 67 S. Ct. 1334, it is said in the first paragraph of the S. Ct. headnotes that:

''The requirement of the Safety Appliance Act that all cars be equipped with efficient hand brakes is absolute, and the carrier is not excused by any showing of care, however assiduous.'' *Brady* v. *Terminal Rd. Assn.,* 303 U. S. 10, 15, 82 L. Ed. 614, 58 S. Ct. 426, opinion by Mr. Chief Justice Hughes, is cited.

Contrary to the contention of defendant, we believe that plaintiff has the right to maintain this action in the Common Pleas Court of Lucas County. We believe that three cases, among others, are dispositive of this contention of defendant. In *Mondou* v. *New York, New Haven & Hartford Rd. Co.* (1912), 223 U. S. 1, 56 L. Ed. 327, 32 S. Ct. 169, 38 L. R. A. (N. S.) 44, the plaintiff, a locomotive fireman, sought to recover under the Federal Employers' Liability Act in a Connecticut state court damages for injuries suffered while in defendant's service.

In *Mondou*, Mr. Justice Van Devanter discussed at length the respective roles of the state and federal judiciary in such situations. He said, at page 57:

"* * * When Congress, in the exertion of the power confided to it by the Constitution, adopted that act, it spoke for all the people and all the states, and thereby established a policy for all. That policy is as much the policy of Connecticut as if the act had emanated from its own legislature, and should be respected accordingly in the courts of the state. As was said by this court in *Claflin* v. *Houseman*, 93 U. S. 130, 136, 137:

" 'The laws of the United States are laws in the several states, and just as much binding on the citizens and courts thereof as the state laws are. The United States is not a foreign sovereignty as regards the several states, but is a concurrent, and, within its jurisdiction, paramount, sovereignty. * * * If an act of Congress gives a penalty [meaning civil and remedial] to a party aggrieved, without specifying a remedy for its enforcement, there is no reason why it should not be enforced, if not provided otherwise by some act of Congress, by a proper action in a state court. The fact that a state court derives its existence and functions from the state laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the state as it is to recognize the state laws. The two together form one system of jurisprudence, which constitutes the law of the land for the state; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent. * * *' "

The Supreme Court of the United States resolved the question by saying (at page 59):

"We conclude that rights arising under the act in question may be enforced, *as of right*, in the courts of the states when their jurisdiction, as prescribed by local laws, is adequate to the occasion." (Emphasis added.)

The Federal Safety Appliance Act provides for the recovery of a penalty by civil suit. Chapter 1 of Title 45 of the United States Code is called the Federal Safety Appliance Act, while Chapter 2 of Title 45 pertains to recovery of damages for injuries to railroad employees and is popularly called the Federal Employers' Liability Act.

The Federal Safety Appliance Act (in Section 13, Title 45, U. S. Code) provides for a penalty of $250 for each violation of the Act, to be recovered in a suit brought by the United States Attorney in the District Court of the United States where the violation was committed.

The United States First Circuit Court of Appeals, in *Jacobson* v. *New York, N. H. & H. R. Co.* (1953), 206 F. 2d 153, said on page 156:

"But though Congress has not created a statutory right of action in favor of passengers injured as a result of violation of the Safety Appliance Acts, it is still possible for the courts to do so on principles of the common law. The breach of a penal statute may be regarded by the courts as an operative fact upon the basis of which may be predicated a common law tort liability to a person injured as a result of the breach, provided he is within the class for whose protection the penal statute presumably was passed. * * *"

The courts of Ohio will apply the Federal Safety Appliance Act as an appropriate standard of conduct.

The Supreme Court of Ohio speaking on this point in relation to a companion Act of the Congress, the Federal Employers' Liability Act of 1908, said in the second paragraph of the syllabus of *Loftus* v. *Pennsylvania Rd. Co.*, 107 Ohio St. 352:

"It is the duty of the courts of this state to entertain causes arising under the Federal Employers' Liability Act of 1908 (U. S. Comp. St. Secs. 8657, 8665), subject to the limitations contained in the aforesaid amendment to Section 11273, General Code."

Defendant maintains that the statute of limitations has run against the cause of action stated in plaintiff's second amended petition. The injury is alleged to have occurred January 31, 1962; the first petition was filed December 12, 1963, in Lucas County Common Pleas Court; the amended petition was filed April 27, 1964; and the second amended petition was filed December 8, 1964. It is apparent that if the filing of the second amended petition does not relate back to the time of the filing of the original petition, the statute of limitations has run and plaintiff will not have the right to maintain his action.

A change of legal theory is not the test of the propriety of an amendment in determining whether a new cause of action has been alleged in such amendment or not. We believe the pre-

vailing practice is to make final disposition of actions on the evidence rather than on the pleadings. It was the same transaction or occurrence which formed the basis for the original complaint, and defendant was put on notice of the claim by plaintiff by the petition first filed. Other tests that have been applied are: Will the same evidence support a judgment rendered on either petition? Will a judgment on the petition bar a judgment on the second amended petition? Will the allegations of the amendment deprive the defendant of a defense? Will the measure of damages be the same under the amended pleadings as under the original pleading?

The term, "cause of action," should be interpreted as referring to facts upon which one or more rights of action are based, rather than to the rights themselves. Hence, a change of legal theory only should not be considered the statement of a new cause of action.

In examining the allegations of the second amended petition, we come to the conclusion that the gist of the complaint of plaintiff is the same as it was in the first petition, i. e., defendant was negligent in hauling and using on its line a car equipped with inefficient handbrakes. All the petitions specifically averred that the inefficient brakes on the railroad car were the cause of the accident and resultant injury to plaintiff. By alleging that the facts constituted a violation of the Federal Safety Appliance Act, plaintiff merely reiterated another manifestation of the condition alleged in the complaint. See *Barney* v. *Staten Island Rapid Transit Ry. Co.* (1963), 316 F. 2d 38.

In its brief, defendant correctly contends that the Federal Safety Appliance Act, a penal statute, does not, in and of itself, give rise to a cause of action. This being so, defendant cannot use this fact both as a sword and as a shield. If it is not the basis, in and of itself, of a cause of action, then it cannot be used as the basis for claim by defendant of abandonment of one cause of action and the espousal of another on the part of plaintiff.

The ultimate question, therefore, is whether the material portions of the petitions challenged fairly apprised defendant of the nature of plaintiff's claim. We think they did, and consistently so.

In the case of *Cohen* v. *Bucey*, 158 Ohio St. 159, the court said, in paragraph two of the syllabus:

"An amendment of a petition alleging negligent injury of

the plaintiff by the defendant by adding thereto allegations characterizing such injury as wilful or intentional does not have the effect of stating an additional cause of action, such amendment may be made in the interest of justice after the expiration of the time limited for the prosecution of such an action, and such amendment relates back to the time when the action was commenced. * * *''

In *Brown* v. *Cleveland Baseball Co.,* 158 Ohio St. 1, the court held in the first paragraph of the syllabus:

''1. Where a petition asserting a cause of action to recover for personal injuries claimed to have been caused by the defendant's negligence is filed within the statutory period of limitation and alleges that the defendant's negligence was in doing something, an amendment of the petition, substituting for such allegation an allegation that defendant's negligence was in failing to supervise someone else in doing the same thing, does not change the cause of action and may be made after the statutory period of limitation has expired.''

The Supreme Court, in *Moherman* v. *Nickels,* 140 Ohio St. 450, said in the third paragraph of the syllabus:

''An amendment to a petition, in the interests of justice, reinstating a defendant who had been duly served with summons within the statutory period of limitation but had been later dismissed, may be made after the expiration of the period within which the action may be brought, provided the cause of action set out in the petition is not materially changed by such amendment, even though it results in making the party complaining the sole defendant in the action. Such amendment relates back to the time the action was commenced, and the limitation is computed from that time.''

Again, in *Douglas, Admx.,* v. *Daniels Bros. Coal Co.,* 135 Ohio St. 641, the Supreme Court said, in paragraph one of the syllabus, that:

''Where a widow institutes an action, as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the

filing of the petition, and the action will be deemed commenced within the time limited by statute."

See, also, *Louisville & Nashville Rd. Co.* v. *Greene, Admx.*, 113 Ohio St. 546, and *Hunt* v. *Rohrbaugh Enterprises, Inc.*, 171 Ohio St. 92.

Section 2309.60, Revised Code, provides as follows:

"If a demurrer is sustained, the adverse party may amend, if the defect thus can be remedied, with or without costs as the court directs. It is no objection to such amendment that it changes the action from law to equity, or vice versa, if its basis, essential facts, and final object remain the same."

We believe that the basis of this lawsuit, its essential facts, and its final object remain the same throughout all these proceedings.

Section 1.11, Revised Code, provides as follows:

"*Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * ***"   (Emphasis added.)

Zimmerman, J., speaking for the court in *Porter* v. *Fenner*, 5 Ohio St. 2d 233, said "No person should be denied the assertion of a cause of action on captious or purely technical grounds and thereby be deprived of his 'day in court.' " Section 1.11, Revised Code.

Thus, we are enjoined by the law of Ohio to apply a liberal construction to the pleadings in this case.

Due to the fact that this case involves the application of a federal statute, the enforcement thereof in a state court, the growing concern of the federal courts in the preservation of trial by jury, and the prevailing practice of making final disposition of actions on the evidence rather than on the pleadings, we deemed it advisable to research this point of law through federal jurisprudence.

The Supreme Court of the United States held, as epitomized in the S. Ct. headnotes, in *Brown* v. *Western Railway of Alabama* (1949), 338 U. S. 294, 94 L. Ed. 100, 70 S. Ct. 105, that:

"3. A federal right cannot be defeated by forms of local practice."

"6. Strict rules of pleading cannot be used to impose unnecessary burdens upon rights of recovery authorized by federal laws."

In *Lathrop* v. *Donohue* (1961), 367 U. S. 820, at 869, 6 L. Ed. 2d 1191, 81 S. Ct. 1826, the Supreme Court further said:

"* * * And even if Wisconsin law were to the contrary, it is settled by the decisions of this court that a federal right cannot be defeated merely on the ground that the original complaint contained a curable defect. * * *"

In *Missouri, Kansas & Texas Ry. Co.* v. *Wulf* (1913), 226 U. S. 570, 575, 57 L. Ed. 355, 33 S. Ct. 135, Ann. Cas. 1914B 134, plaintiff brought her suit in reliance upon a state statute. She was later permitted to amend, and to recover under the Federal Employers' Liability Act, Section 51 *et seq.*, Title 45, U. S. Code. If her amendment constituted the commencement of a new action it was barred by limitations. The Supreme Court said of the amendment (on page 576 of 226 U. S.):

"* * * The change was in form rather than in substance. * * *. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit. * * *"

In *New York Central & Hudson River Rd. Co.* v. *Kinney* (1922), 260 U. S. 340, 67 L. Ed. 294, 43 S. Ct. 122, a plaintiff based her action upon the New York Employers' Liability Act. The case was tried several times in reliance upon that Act, and, after the case had been pending about eight years, the plaintiff was allowed to amend by alleging facts which brought her claim under the Federal Employers' Liability Act, and she recovered a judgment.

The Supreme Court said (260 U. S. at page 346) that:

"* * * the declaration was consistent with a wrong under the law of the state or of the United States as the facts might turn out. * * * 'The facts constituting the tort were the same, whichever law gave them that effect.' *Seaboard Air Line Ry.* v. *Koennecke*, 239 U. S. 352, 354. See, also, *St. Louis, San Francisco & Texas Ry. Co.* v. *Smith*, 243 U. S. 630. * * *."

The second amended petition herein states a cause of action against defendant. It was not barred by the statute of limitations, and it was prejudicial error on the part of the trial court to sustain a motion to dismiss such petition with prejudice.

The factual situation was pleaded in the same manner throughout all these proceedings, and so was the specified conduct of the defendant upon which plaintiff is attempting to enforce his claim.

Considering all the aspects of the case, we are constrained to hold that the amendment relates back to the time of the filing of the original petition, and that justice will now be done between the parties by having a trial on the merits based upon the second amended petition.

The judgment of the trial court is, therefore, reversed and the cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

CARLISLE, J., concurs.

JONES, J., concurring in part and dissenting in part. I concur in part and dissent in part. In my view, the first assignment of error is not well taken. However, I am in complete accord with the majority view of this court that the second assignment of error is well made.

On December 12, 1963, Samuel King, who was not an employee of the defendant, New York, Chicago & St. Louis Railroad Company, filed suit against the railroad in the Common Pleas Court of Lucas County for injuries sustained on January 31, 1962.

Upon appropriate motion by the Railroad Company the trial court ordered Mr. King to make his petition more definite and certain by stating whether he was predicating his cause of action on a violation of the Federal Safety Appliance Act or on some common-law theory of negligence.

In compliance with the order, Mr. King filed a first amended petition on April 27, 1964, stating that he was basing his cause of action on a violation of the Federal Safety Appliance Act. The Railroad Company demurred, arguing that Mr. King was an employee of a private industry and was not a member of a class for whose protection the Federal Safety Appliance Act was passed. The trial court sustained the demurrer on December 4, 1964, holding that Mr. King had not set forth a cause of action.

On December 8, 1964, Mr. King filed a second amended petition wherein he alleged a cause of action founded upon common-law negligence, and wherein he made no reference to the Federal Safety Appliance Act. The second amended petition was filed more than two years after the cause of action arose. The Rail-

road Company moved the trial court for an order striking Mr. King's second amended petition for the reason that Mr. King had substantially changed his cause of action, beyond the two-year period. The court sustained the Railroad Company's motion.

Mr. King has appealed both these rulings to this court.

The first assignment of error is as follows:

"The trial court committed error in sustaining defendant's demurrer to plaintiff's amended petition."

In *Jacobson* v. *New York, N. H. & H. R. Co.* (1953), 206 F. 2d 153, the court held that, in order to base a cause of action solely upon a violation of the Federal Safety Appliance Act, one who is not an employee of a railroad must, as a matter of law, look to the state courts for relief.

Coming then to Ohio cases, attention is given to the case of *Loucks* v. *New York, Chicago & St. Louis Ry. Co.*, 14 Ohio App. 320. At page 325, the court held as follows:

"We are constrained to hold in this case that the Federal Safety Appliance Act did not apply to the plaintiff, who was employed and paid and fully controlled by The Cromwell Steel Company, and in no sense doing any work for or under the direction of the defendant; that for that reason that the act in question did not create a liability in favor of the plaintiff and against the defendant.

"* * *

"Plaintiff not being an employe of the defendant, none of the acts, state or national, which abolish or modify the common-law doctrine of contributory negligence apply to him. Such acts by their very terms apply only where the parties sustain the relation of master and servant, and as the plaintiff in this case was not the servant of the defendant he cannot claim the benefit of such acts." The *Loucks case* was affirmed by the Ohio Supreme Court, in 103 Ohio St. 164, where, at page 167, the court states:

"Under this state of facts the defendant would not become liable in an action by the plaintiff for such injury under the terms of either the federal or state safety-appliance act. * * * *"

The reasoning found in the *Loucks case* was followed in the case of *Stevenson* v. *Lake Terminal R. Co.*, 42 F. 2d 357, decided in 1930, where, in the first paragraph of the headnotes, it is said:

"Where injured person was not in employ of defendant railroad, action under Safety Appliance Act fails."

The plaintiff cites the cases of *Fairport, Painesville & Eastern Rd. Co.* v. *Meredith* (1934), 292 U. S. 589, 78 L. Ed. 1446, 54 S. Ct. 826; *Shields* v. *Atlantic Coast Line Rd. Co.* (1956), 350 U. S. 318, 100 L. Ed. 364, 76 S. Ct. 386; and *Barney* v. *Staten Island Rapid Transit Ry. Co.* (1963), 316 F. 2d 38. In these cases it was held that certain classes of nonemployees come under the protection of the Federal Safety Appliance Act. However, these cases do not stand for the proposition that the Federal Safety Appliance Act has been extended in Ohio to employees of a private industry, which industry has some contractural relationship with the railroad.

Plaintiff has not demonstrated that a right of action involving absolute liability can be predicated upon a violation of the Federal Safety Appliance Act in Ohio for the benefit of an employee of a private industry dealing with the railroad. If Ohio in fact chooses to broaden the class to include nonemployees such as this plaintiff, then such a decision must come from the Ohio Supreme Court. Until then, we are bound by the decisions of the *Loucks* and *Stevenson cases, supra.*

The second assignment of error is as follows:

"The court committed error in sustaining defendant's motion to strike the second amended petition from the files, and in entering up final judgment for the defendant."

Irrespective of the language used to state it, plaintiff's claim is obviously based on defendant's furnishing of a railroad car with allegedly inefficient handbrakes. The plaintiff having failed on the theory of absolute liability, a change by him in the pleadings to a theory of statutory violation or common-law negligence is in no sense a substantial departure from the original claim under applicable Ohio law. A liberal construction of the pleadings is required of courts by Ohio law. I find the majority view in this regard to be excellently stated. I am in complete accord with it and concur in the majority holding that the second assignment of error is well taken.

CARLISLE and GRAY, JJ., of the Fourth Appellate District, and JONES, J., of the Seventh Appellate District, sitting by designation in the Sixth Appellate District.