38 Ill.2d 31 (1967)
230 N.E.2d 173
EVERD S. BOYER, Appellee,
v.
THE ATCHISON, TOPEKA AND SANTA FE RAILWAY CO., Appellant.
No. 40052.
Supreme Court of Illinois.
Opinion filed September 29, 1967.
*32 FLOYD STUPPI, JOHN J. SCHMIDT, and GUS SVOLOS, all of Chicago, for appellant.
OZMON AND LEWIN, of Chicago, (SIDNEY Z. KARASIK, of counsel,) for appellee.
KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (CHARLES M. RUSH and PHILIP F. JOHNSON, of counsel,) for amicus curiae Chicago, Rock Island and Pacific Railroad Company.
JOHN H. GOBEL, RICHARD F. KOPROSKE, THEODORE G. SCHUSTER, JAMES P. REEDY, ROBERT W. RUSSELL, LAWRENCE LAWLESS, ALVIN E. DOMASH, and ARTHUR L. FOSTER, all of Chicago, for other amici curiae.
Judgment affirmed.
Mr. JUSTICE WARD delivered the opinion of the court:
This appeal by the defendant, the Atchison, Topeka and Santa Fe Railway Company, comes to this court *33 through a certificate of importance issued by the Appellate Court, First District, certifying that questions of law of such importance are involved that they should be passed on by this court. The questions presented are: (1) whether a violation of the Federal Safety Appliance Act, 45 U.S.C. §§ 1 et seq., is in itself an actionable wrong and, if so, is strict liability imposed through such violation; (2) whether the defendant can avoid liability by the exculpatory provision of the pass issued by the defendant to the plaintiff under the Hepburn Act, 49 U.S.C. § 1(7).
The facts are relatively simple and uncontroverted. On January 5, 1959, the plaintiff was traveling on the defendant's train enroute from Chicago to Los Angeles. The plaintiff was an employee of the Chicago, North Shore and Milwaukee Railroad and as such he was traveling on the defendant's train, not as a fare-paying passenger but as a passenger who had been issued an accommodation or courtesy pass by the defendant. The pass contained the following language: "This pass is not transferable. It must be signed in ink by the holder named, who, by accepting it, agrees to assume all risk of accident and damage to person or baggage in any circumstances, whether caused by the negligence of servants or otherwise. The holder agrees not to use this pass in violation of any law, and certifies that he is entitled by law to use it. To be forfeited if presented by any other person."
As defendant's train approached Raton, New Mexico, the draft gear, a part of the coupler, broke. The emergency brakes were automatically applied and due to the sudden stopping of the train the plaintiff was thrown to the floor of the train and sustained injuries.
The plaintiff brought an action in the circuit court of Cook County alleging that defendant had violated section 2 of the Federal Safety Appliance Act (45 U.S.C. § 2) by operating a train with a defective coupler and alleging that the defendant was therefore absolutely liable to him for the *34 injuries caused by this violation. The defendant's answer stated in part that a violation of section 2 of the Act did not create a cause of action and as an affirmative defense asserted the assumption-of-risk agreement set forth in the pass. The defendant's motion for judgment on the pleadings was granted. On appeal the Appellate Court, First District, reversed and remanded for trial, holding, in effect, that a violation of section 2 of the Federal Safety Appliance Act did create a cause of action in itself and that to give effect to the exculpatory provisions of the pass would violate public policy. Upon remand to the circuit court, the plaintiff was granted a judgment on the pleadings on the question of liability. After judgment was entered on a jury verdict assessing damages for plaintiff's personal injuries, the defendant appealed and the appellate court affirmed.
The defendant renews its argument that a violation of the Federal Safety Appliance Act calls only for criminal penalties and that a violation of the Act does not in itself create a cause of action. Hence, the defendant says, since the plaintiff has not alleged any negligence on the part of the defendant but only a violation of the Act, he has not stated a cause of action. We hold that the plaintiff has stated a cause of action.
In construing the Federal Safety Appliance Act, as with other Federal statutes, we must look to the Federal decisions for its interpretation. (United States v. Gilbert Associates, 345 U.S. 361, 363, 97 L.Ed. 1071, 1075; Bowman v. Illinois Central Railroad Co., 11 Ill.2d 186, 199; Elgin, Joliet and Eastern Railway Co. v. Industrial Com., 9 Ill.2d 505, 507; and Luken v. Lake Shore and Michigan Southern Railway Co., 248 Ill. 377, 383.) An examination of the decisions interpreting the Act leads unmistakably to the conclusion that the Act provides a basis for a civil recovery.
In O'Donnell v. Elgin, Joliet and Eastern Railway Co., 338 U.S. 384, 94 L.Ed. 187, the Supreme Court succinctly stated at page 390: "this Court early swept all issues of *35 negligence out of cases under the Safety Appliance Act. For reasons set forth at length in our books, the Court held that a failure of equipment to perform as required by the Safety Appliance Act is in itself an actionable wrong, in no way dependent upon negligence and for the proximate results of which there is liability  a liability that cannot be escaped by proof of care or diligence. St. Louis and Iron Mountain & S.R. Co. v. Taylor, 210 U.S. 281, 294, 52 L.Ed. 1061, 1067, 28 S.Ct. 616; Chicago B. & Q.R. Co. v. United States, supra (220 U.S. 575-577, 55 L.Ed. 588, 589, 31 S.Ct. 612); Delk v. St. Louis & San Fran. R. Co., 220 U.S. 580, 55 L.Ed. 590, 31 S.Ct. 617." (Emphasis ours.) In Affolder v. New York, Chicago and St. Louis Railroad Co., 339 U.S. 96, 99, 94 L.Ed. 683, 688, the court reiterated its holding in O'Donnell: "`a failure of equipment to perform as required by the Safety Appliance Act is in itself an actionable wrong * * *.'" The same court in Carter v. Atlanta and Saint Andrews Bay Railway Co., 338 U.S. 430, 434, 94 L.Ed. 236, 241, declared: "Once the violation [of the Safety Appliance Act] is established, only causal relation is in issue." In Shields v. Atlantic Coast Line Railroad Co., 350 U.S. 318, 325, 100 L.Ed. 364, 370, the Supreme Court said of the plaintiff therein: "he was a member of one class for whose benefit that device is a safety appliance under the statute. As to him, the violation of the statute must therefore result in absolute liability." The Court of Appeals for the 8th circuit in Byler v. Wabash R.R. Co., (8th cir.) 196 F.2d 9, at page 11, stated that: "Where liability for injury on the part of a common carrier engaged in interstate commerce is predicated on its failure to comply with the requirements of the Safety Appliance Act, it is not necessary to allege or prove negligence on behalf of the carrier other than failure to comply with the Act." Thus, it is apparent that a breach of the Safety Appliance Act does give rise to a civil cause of action which is separate from any cause of action based on negligence and *36 that absolute liability for such breach is imposed on the violator.
It is, however, settled that the cause of action arising from a breach of the Act is not a Federal cause of action and consequently one in whose favor such a cause of action has arisen must look to the State courts to implement his right of action. Tipton v. Atchison, Topeka & Santa Fe Railway Co., 298 U.S. 141, 80 L.Ed. 1091, and Jacobson v. New York, New Haven & Hartford Railroad Co., (1st cir.) 206 F.2d 153.
The Federal Safety Appliance Act is as much a part of the law and policy of the States as are their own laws enacted by the State legislatures. (See: King v. New York, Chicago and St. Louis Railroad Co., 6 Ohio App.2d 123, 216 N.E.2d 900, 903; Jacobson v. New York, New Haven & Hartford Railroad Co., (1st cir.) 206 F.2d 153, 158.) Further, it is not unusual to allow a plaintiff to found a civil cause of action on a breach of a penal statute. Dann v. Studebaker-Packard Corp., (6th cir.) 288 F.2d 201, referred, at page 208, to "the long established general rule that a breach of statutory duty normally gives rise to a right of action on behalf of the injured persons for whose benefit the statute was enacted." This court in Heimgaertner v. Benjamin Electric Manufacturing Co., 6 Ill.2d 152, at page 155, declared: "When a statute is enacted for the protection of a particular class of individuals, a violation of its terms may result in civil as well as criminal liability, even though the former remedy is not mentioned specifically therein." See also Ney v. Yellow Cab Co., 2 Ill.2d 74; Restatement of Torts, 2d, § 286.
Congress, in its regulation of interstate commerce, has merely substituted a statutory duty for the railroad's common-law duty to maintain and provide safety appliances on their cars and has imposed absolute liability for its breach. (Shields v. Atlantic Coast Line Railroad Co., 350 U.S. 318, 322, 323, 100 L.Ed. 364, 368, 369.) A plaintiff, *37 therefore, may bring an action in an appropriate State court for injuries sustained because of a violation of the standard of conduct set forth in the Federal Safety Appliance Act. All that is necesary for a plaintiff to base his cause of action on a breach of this statute is that it appear that he was within the class of persons the statute intended to protect and that the injury was the type of risk covered. See: Prosser on Torts, (2d ed.) chap. 5.
In enacting the Safety Appliance Act, Congress was actuated by the appalling frequency and seriousness of injuries suffered by railroad employees, including those who were required to work between cars in coupling operations. (United States v. Seaboard Air Line Railroad Co., 361 U.S. 78, 82, 83, 4 L.Ed.2d 25, 28, 29.) However, to limit the protection of the Act to railroad employees or those acting as employees, as the defendant urges, would be improperly restrictive and contrary to the congressional intent. The title of the Act itself indicates that it is for the "protection of employees and travelers." (45 U.S.C. § 1). The Supreme Court in Coray v. Southern Pacific Co., 335 U.S. 520, 522, 523, 93 L.Ed. 208, 210, said: "This Act, fairly interpreted, must be held to protect all who need protection from dangerous results due to maintenance or operation of congressionally prohibited defective appliances." The Court of Appeals for the First Circuit in Jacobson v. New York, New Haven & Hartford Railroad Co., 206 F.2d 153, 155, 156, also declared: "It is true, as the Supreme Court has many times pointed out, that the classes of persons for whose protection the Safety Appliance Acts were passed include more than railroad employees, engaged in interstate commerce, as defined, who are given federal statutory rights of action by the Employers' Liability Acts * * * Compliance with the acts would also tend to protect passengers, such as plaintiff's intestate in the case at bar." The Act was intended to secure the safe operation of interstate trains by railroads. We have no doubt that passengers *38 were certainly intended to be within the class to be protected under the Act.
The defendant next argues that the exculpatory provisions in the pass issued to plaintiff, pursuant to the Hepburn Act, 49 U.S.C.A. § 1 (7), stating that the defendant assumed "all risk of accident and damage to person * * * in any circumstances, whether caused by the negligence of servants or otherwise", provide an affirmative defense to the claim of liability for plaintiff's injuries.
Again, in construing the Hepburn Act and the validity of exculpatory provisions in free passes issued pursuant to the Act, we are bound by Federal law (Francis v. Southern Pacific Co., 333 U.S. 445, 92 L.Ed. 798; Kansas City Southern Railway Co. v. Van Zant, 260 U.S. 459, 67 L.Ed. 348.) Exculpatory provisions relating to negligence by the railroad have been held valid. (Francis v. Southern Pacific Co., 333 U.S. 445, 92 L.Ed. 798; Richards v. Atchison, Topeka & Santa Fe Railroad Co., 226 F. Supp. 812.) But these provisions will not be enforced to exempt a carrier from liability for wanton and wilful negligence, as to do so would be contrary to public policy. New York Central Railroad Co. v. Mohney, 252 U.S. 152, 64 L.Ed. 502; Martin v. Greyhound Corp., (6th cir.) 227 F.2d 501.
While we would be bound by Federal law in interpreting the exculpatory provisions of the pass here, there is apparently no decision determining whether an exculpatory stipulation in a free pass will be given effect so as to exempt a carrier from liability to a passenger for injuries sustained because of a breach of the Safety Appliance Act. (See: 96 A.L.R.2d 406.) We are, however, of the opinion that effect cannot be given to the provisions of the pass in the present case.
As the appellate court stated in its opinion, it is clear that the Federal Safety Appliance Act expresses the policy of the United States that the railroad's duty to equip and maintain its cars with secure and efficient couplers is absolute. *39 Under such a policy which imposes an absolute duty to provide for public safety it would be incongruous to allow the doctrine of assumption of risk to be employed by the defendant to avoid this responsibility to one for whose benefit the statute was enacted. Here the plaintiff was within the class intended to be protected by the statute and the risk was the one contemplated, viz., injury from a sudden stopping of the train. Under these circumstances and in view of the absolute standard imposed by the Act, we deem that to enforce the exculpatory provisions of the pass would subvert the purpose of the Act and defeat the public interest. See: United States v. United States Cartridge Co., (8th cir.) 198 F.2d 456, 464; Foreman v. Holsman, 10 Ill.2d 551, 554; School District v. Teachers Retirement Fund Ass'n, 163 Ore. 103, 95 P.2d 720, 723.
The judgment of the Appellate Court, First District, is affirmed.
Judgment affirmed.
Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.