[Cite as *Paulozzi v. Rodstrom*, 2019-Ohio-4157.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOSEPH G. PAULOZZI,                    :

    Plaintiff-Appellant,              :

                                No. 107799

    v.                                :

DEREK N. RODSTROM, ET AL.,             :

    Defendants-Appellees.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 10, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-886988

---

### *Appearances:*

J.W. Krueger & Associates, L.L.C., and Jeffrey W. Krueger,
*for appellant.*

Polito, Rodstrom & Burke, L.L.P, Michael G. Polito, and
Derek N. Rodstrom, *for appellees.*

ANITA LASTER MAYS, J.:

## I.  Background and Facts

{¶ 1}  Plaintiff-appellant Joseph G. Paulozzi ("Paulozzi") filed a declaratory judgment action against defendant 21300 Management Ltd.

("Limited"), an Ohio limited liability company, and its members, defendants-appellees Derek N. Rodstrom ("Rodstrom") and Michael G. Polito ("Polito") (Rodstrom and Polito are jointly "appellees"). Paulozzi and appellees were formerly law partners and Limited owns the property where the offices were located. Paulozzi asked the trial court to declare that he is the owner of 25 percent of Limited. He also requested an accounting and the right to access Limited's books and records.

{¶ 2} Limited and appellees denied that Paulozzi is entitled to relief. Appellees counterclaimed for a declaration that Paulozzi sold his membership interest in Limited on September 30, 2008, and no longer has an ownership interest. Appellees also claimed that, if Paulozzi is declared to be an owner, he is in breach of the 2008 purchase agreement and Limited's operating agreement.

{¶ 3} On November 28, 2017, Limited, Polito, and Rodstrom moved for dismissal or, alternatively, judgment on the pleadings to which Paulozzi responded on December 29, 2017. On September 13, 2018, the trial court denied Limited's motion to dismiss and for judgment on the pleadings. On September 14, 2018, the trial court granted judgment on the pleadings on behalf of Rodstrom and Polito individually.[1]

---

[1]  Paulozzi's claims against Limited and the counterclaims by appellees are still pending. "In cases involving multiple parties or claims, an order is final if it satisfies one of the grounds under R.C. 2505.02 and also satisfies Civ.R. 54(B)." *Heaton v. Ford Motor Co.*, 2017-Ohio-7479, 96 N.E.3d 1191, ¶ 18 (8th Dist.).

{¶ 4} On September 26, 2018, Paulozzi moved for reconsideration or alternatively relief from judgment under Civ.R. 60(B). Appellees responded on October 3, 2018, and Paulozzi replied on October 5, 2018. On October 12, 2018, Paulozzi filed a notice of appeal.

{¶ 5} On November 27, 2018, this court issued a sua sponte dismissal of the appeal for lack of a final appealable order under R.C. 2505.02 on the ground that claims against Limited were still pending. On November 30, 2018, this court granted appellant's motion to reinstate the appeal.

## II. Assignments of Error

{¶ 6} Paulozzi presents a single assigned error: "[t]he trial court erred in granting appellees' motion for judgment on the pleadings under [a] Civil Rule 12(C) standard of review." The premise of the asserted error is:

> Where R.C. 2721.12(A) mandates that appellees be made parties to an action for declaratory relief because they have a legally protectable interest in rights that are the subject matter of the action, the trial court erred in granting appellees' motion for judgment on the pleadings.

{¶ 7} We find that the assignment of error has merit.

## III. Discussion

### A. Standard of Review

{¶ 8} A Civ.R. 12(C) motion for judgment on the pleadings is effectively a delayed Civ.R. 12(B)(6) motion to dismiss. "In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and the answer as well as any material attached as exhibits to those pleadings." *Schmitt v. Edn. Serv. Ctr.*, 2012-Ohio-2208, 970 N.E.2d 1187, ¶ 10 (8th Dist.).

**{¶ 9}** The motion poses questions of law, with a de novo standard of review,

> based solely on the allegations of the pleadings. Judgment on the pleadings is appropriate if, "after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief." *Tenable Protective Servs., Inc. v. Bit E-Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 89958, 2008-Ohio-4233, ¶ 12.

*Bozeman v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga Nos. 92435 and 92436, 2009-Ohio-5491, ¶ 8, fn. 3.

**{¶ 10}** However,

> When reviewing a Civ.R. 12(C) judgment on the pleadings issued in a declaratory judgment action, we look to see whether a "justiciable issue" exists on a legal interest or a right, and whether there is a genuine "controversy" between parties who have adverse legal interests. *Woodson v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 02AP-393, 2002-Ohio-6630, ¶ 7. These are questions of law. *Peterson v. Teodosio,* 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973).

*Heba El Attar v. Marine Towers E. Condominium Owners' Assn.,* 8th Dist. Cuyahoga No. 106140, 2018-Ohio-3274, ¶ 15.

### B. Analysis

**{¶ 11}** The trial court in this case determined:

> that when all material allegations in the Complaint, and all reasonable inferences therefrom, are construed in favor of the Plaintiff, Plaintiff has not set forth any set of facts that could entitle him to relief against either Michael Polito or Derek Rodstrom.

Journal entry and Opinion No. 105472739, p. 2 (Sept. 11, 2018).

{¶ 12} Limited was formed on September 28, 1999, by Polito and John J. Russo ("Russo"). Russo and Polito acquired the property located at 21300 Lorain Road, Fairview Park, Ohio ("property") by deed dated September 9, 1999.

{¶ 13} As documented in a January 31, 2005 purchase agreement, Russo sold his interest in Limited to Rodstrom and Paulozzi. Limited obtained a $100,000 bank loan for the purchase price and assigned as debt $50,000 to the capital accounts of Rodstrom and Paulozzi. The March 10, 2005 Limited operating agreement is between members Paulozzi, Polito, and Rodstrom. Polito owned 50 percent, and Rodstrom and Paulozzi each owned 25 percent. By deed dated March 11, 2005, Polito and Russo transferred the property to Limited.

{¶ 14} On September 30, 2008, Paulozzi and appellees entered into a purchase agreement conveying Paulozzi's 25 percent interest in Limited to appellees. The agreement states that Paulozzi owes Limited the sum of $43,191.69, which constituted the remaining balance due to Limited for Paulozzi's capital debt account. Section 2 of the purchase agreement states that "the entire purchase price shall be payable as an assumption of the debt" owed by Paulozzi to Limited.

{¶ 15} Section 2.3 of the purchase agreement states that appellees have authority to enter into the agreement and that it is "a valid and binding obligation" of appellees that is "enforceable against [appellees] in accordance with its terms." The agreement becomes binding upon signature. The exhibit contains signature lines but is not executed. Appellees also submitted evidence that an October 31,

2008 bankruptcy filing by Paulozzi lists the transfer of his interest in Limited "in return for forgiving debt [owed to Limited] of $43,191.69."

{¶ 16} In February 2015, Paulozzi "disassociated himself from the legal practice * * * and moved his legal practice out of the property." Complaint at ¶ 17. Appellees argue that Paulozzi represented to others that he still owned an interest in Limited. Paulozzi's claim of current ownership is based on an alleged offer from appellees that occurred at some point after the May 2009 bankruptcy discharge. Polito and Rodstrom approached Paulozzi and offered him the previously relinquished 25 percent membership interest that Paulozzi says he accepted. Paulozzi asserts that he contributed 25 percent of the expenses for "owning and/or managing" the property but he did not produce any evidence of payments or the offer from appellees to repurchase.

{¶ 17} Paulozzi did provide copies of correspondence between the parties. A March 18, 2015 email from Paulozzi to appellees advised them of a roof leak regarding the property and requested that appellees keep him informed regarding "all other matters which are related to our ownership of" Limited. The April 1, 2015 email referenced appellees' offer to buy out Paulozzi's 25 percent interest in Limited.

{¶ 18} By email dated April 17, 2015, appellees offered Paulozzi a buyout of $35,568.83 based on the total equity value less $25,543.67 for the initial buy-in, taxes on income, and 25 percent of property roof cost. On March 29, 2016, counsel for Paulozzi issued a notice to preserve records to appellees and to inspect

Limited's records from 2009 through 2015.  The correspondence cites Paulozzi's intent to reach an amicable resolution for the sale of his 25 percent interest.

{¶ 19}  A January 23, 2017 letter informs appellees that the signer is serving as new counsel for Paulozzi regarding appellees' offer to buy out Paulozzi's interest in the property and renewing the request for documents and inspection including the K-1 tax schedule for 2016.  The letter also warns of potential legal claims including breach of fiduciary duty and receivership.

{¶ 20} A March 17, 2017 email response from Rodstrom to Paulozzi, and copying Polito, references Limited and states,

> Let me know what you are looking for exactly.  If it is 21300 records, they are all here and preserved as requested by [counsel].  But there have been no distributions of money to [Polito] or I from [Limited].  Things operate pretty much the same since you left.
>
> If it is for us to pay you something, give us an amount and how you came up with it.  If [Polito] and I agree with it and if we have the funds, we can make something happen.
>
> I think [Polito] and I would also like it to be resolved.

{¶ 21}  Paulozzi's counsel corresponded on March 17, 2017, with a demand under R.C. 1705.22(A)(1) to inspect a list of Limited's records including evidence of membership and promissory notes.  The listed purpose for the demand states:

> As you are aware, since leaving [the law firm], Mr. Paulozzi has been excluded from the operations of [Limited] and has been deprived information regarding its financial status. * * * It is our view that Mr. Polito and Mr. Rodstrom have failed to manage the assets of [Limited] properly, and have derived personal benefits from the operation of [Limited] over and above their proportionate membership interest.

{¶ 22}   In Count 1, Paulozzi seeks a declaratory judgment that he is a 25 percent owner of Limited. The remaining two counts seek a declaration that Limited allow Paulozzi to inspect books and records pursuant to R.C. 1705.22(A)(1), and that Limited provide an accounting of Limited's finances.

{¶ 23} The trial court determined that, without a claim for piercing the corporate veil, Paulozzi cannot reach appellees personally:

> A limited liability company is an artificial person, created by the General Assembly and deriving its power, authority and capacity from the statutes. *Worthington City School Dist. Bd. Of Edn. v. Franklin Cty. Bd. Of Revision*, 85 Ohio St.3d 156, 160, 707 N.E.2d 499 (1999). A limited liability company acts only through its officers, agents and employees. *A&B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Counsel*, 73 Ohio St.3d. 1, 17, 651 N.E.2d 1283 (1995). Members, managers, and officers of limited liability companies are protected from private liability while acting within the scope of their powers. *Medill v. Collier, et al.*, 16 Ohio St. 599, 610 (1865). Ordinarily, an individual member, manager, or officer cannot be held liable for the acts of the limited liability company unless a claim for piercing the corporate veil can be made. *Belvedere [Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274], 287, [1993-Ohio-119, 617 N.E.2d 1075] citing Presser *Piercing Corporate Veil*, 1-4 (1991); *Dombroski v. WellPoint Inc.*, 119 Ohio St.3d 506, 895 N.E.2d 538, 2008-Ohio-4827. No such claim has been alleged in this case.

Journal entry and Opinion No. 105472739 (Sept. 13, 2018), p. 1-2.

{¶ 24} The court added:

> A member of an LLC cannot be held liable for any alleged debts, obligations and/or liabilities of the LLC merely because they are a member of the LLC. R.C. 1705.48(A). Similarly, no member of an LLC is personally liable for the satisfaction of any debt, judgment, obligation or liability of an LLC and no member is liable to personally satisfy any decree or order of a Court against the LLC. R.C. 1705.48(B).

*Id.* at p. 2.

{¶ 25} The trial court added that Paulozzi presented no cause of action or argument that would allow piercing the corporate veil:

> In *Belvedere* [*Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 617 N.E.2d 1075 (1993)], this court established a three-pronged test for courts to use when deciding whether to pierce the corporate veil, based on a test developed by the United States Court of Appeals for the Sixth Circuit in *Bucyrus-Erie Co. v. Gen. Prods. Corp.*, 643 F.2d 413, 418, 1981 U.S. App. LEXIS 19572 (6th Dist.). *Belvedere* at 288-289. This test focuses on the extent of the shareholder's control of the corporation and whether the shareholder misused the control so as to commit specific egregious acts that injured the plaintiff: "The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Id.* at paragraph three of the syllabus. All three prongs of the test must be met for piercing to occur.

*Dombroski v. Wellpoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 18*; State ex rel. Petro v. Pure Tech Sys.*, 8th Dist. Cuyahoga No. 101447, 2015-Ohio-1638, ¶ 42.

{¶ 26} Count 1 requests a declaration that Polito owns 50 percent of Limited and that Paulozzi and Rodstrom each own 25 percent. Counts 2 and 3 request copies of Limited's financial records as well as an accounting. Paulozzi argues that appellees must be included as parties on all counts pursuant to R.C. 2721.12(A) because they have a legally protectable interest in Limited.

> Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be

made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding.

*Id.*

**{¶ 27}** The Ohio Supreme Court defined legally protectable interests under R.C. 2712.12(A),

R.C. 2721.12(A) provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." As we observed in *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, 273, 328 N.E.2d 395 (1975), "'only those persons who are legally affected are proper parties to a lawsuit.'" *Id.* at 273, quoting *Schriber Sheet Metal & Roofers v. Shook*, 64 Ohio App. 276, 285, 28 N.E.2d 699 (2d Dist. 1940).

*Rumpke Sanitary Landfill, Inc. v. State,* 128 Ohio St.3d 41, 2010-Ohio-6037, 941 N.E.2d 1161, ¶ 14.

**{¶ 28}** The court continued,

A party is legally affected by a cause of action if the party has a legal interest in rights that are the subject matter of the cause of action. *See, e.g., Huggins v. John Morrell & Co.*, 176 Ohio St. 171, 175, 198 N.E.2d 448 (1964). Black's Law Dictionary (9th Ed.2009) 886 defines "legal interest" as "[a]n interest recognized by law," and we have defined it as an interest that is "legally protectable," i.e., protected by law. *See In re Schmidt*, 25 Ohio St.3d 331, 336, 496 N.E.2d 952 (1986).

*Id.*

**{¶ 29}** Paulozzi points to statements contained in the counterclaims of Limited and appellees as admissions that they have a legally protectable interest in this case and that a declaratory judgment action is appropriate due to the existence of a real controversy.

> A real controversy has thus arisen between the parties as Paulozzi is claiming to hold a membership interest in 21300 Management, Ltd., which effectively reduces Polito's and Rodstrom's ownership interests. * * * Without a declaratory judgment, Defendants/Counterclaim Plaintiffs will be permanently and irreparably harmed as their membership interests will be diluted.

Answer and Counterclaim at ¶ 28.

{¶ 30} Appellees also claim that their interests in Limited will be diluted by a determination that Paulozzi is an owner is personal to appellees. "A membership interest in a limited liability company is personal property." R.C. 1705.17; *Rieser v. Castellanos (In re Carter),* Bankr.S.D.Ohio Nos. 06-30086, 08-3010, 2017 Bankr. LEXIS 2187, at *16 (Apr. 19, 2017); *Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 10th Dist. Franklin Nos. 01AP-878 and 01AP-879, 2002-Ohio-1256.

{¶ 31} Count 2 of the counterclaim states that if Paulozzi is deemed to be an owner of Limited, Paulozzi has breached the 2008 purchase agreement with appellees and compensatory damages are requested. The 2008 purchase agreement is enforceable solely between the parties: Paulozzi, Rodstrom, and Polito.

{¶ 32} Count 3 states that a determination that Paulozzi is a member of Limited also constitutes a breach by Paulozzi of Limited's operating agreement. The operating agreement is also between the parties. "[A]n operating agreement governs relations among members and between members * * * and the limited liability company." R.C. 1705.081(A); *UBS Fin. Servs. v. Lacava*, 8th Dist.

Cuyahoga No. 106256, 2018-Ohio-3165, ¶ 64. Count 4 asserts that Paulozzi fraudulently represented in his September 30, 2008 agreement with appellees that he was conveying his interest in Limited, and that appellees' interest in Limited has been diluted and reduced by Paulozzi's current ownership claim.

{¶ 33} Paulozzi argues that his claims are not an attempt to pierce the corporate veil and hold appellees personally liable simply due to their membership status but, instead, are based on their membership interests. *Tenable Protective Servs. v. Bit E-Technologies, L.L.C.*, 8th Dist. Cuyahoga No. 89958, 2008-Ohio-4233, ¶ 16, citing R.C. 1705.48(B) (personal liability for debt or obligation). Appellees concede that their personal membership interests in Limited are at issue. Appellees "cannot use this fact both as a sword and as a shield." *King v. New York, C. & S. L. R. Co.*, 6 Ohio App.2d 123, 129, 216 N.E.2d 900 (6th Dist.1966).

{¶ 34} Paulozzi's declaratory judgment claims present a "'judiciable interest' on a legal interest or a right," and a "genuine 'controversy' between parties who have adverse legal interests." *Woodson v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 02AP-393, 2002-Ohio-6630, ¶ 7. The trial court acknowledged that Paulozzi has properly stated a claim against Limited. It necessarily follows that a claim has also been stated against appellees as members of Limited who are necessary parties to the case and have a legally protectable interest pursuant to R.C. 2721.12(A).

{¶ 35} At this stage of the proceedings, the respective interests of the parties remain to be determined and the trial court should not have granted judgment on the pleadings in favor of appellees. In addition to Count 1 that requests a declaration of ownership interest, as members of Limited, Rodstrom and Polito may also be subject to any orders relating to Counts 2 and 3.

{¶ 36} Therefore, we disagree that, "after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party," Paulozzi "can prove no set of facts in support of" his "claim that would entitle" him to "relief." *Tenable Protective Servs.* at ¶ 12.

## IV. Conclusion

{¶ 37}  The trial court's judgment dismissing appellees as parties to the action is reversed.  The case is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE OPINION

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶ 38} I concur with the majority opinion and agree that the trial court's decision must be reversed on all counts.

{¶ 39} I recognize that R.C. 2721.12 does not prevent a court from granting judgment on the pleadings on claims brought against persons improperly named in their personal capacities. Generally, in accordance with R.C. 1705.48, a member of a limited liability company has no personal liability "by reason of being a member or manager of the limited liability company." However, this is not a case in which personal liability is sought to be imposed upon the individual members of a limited liability company. Rather, in this case, appellant is seeking a declaration concerning the membership interests in 21300 Management Ltd.

{¶ 40} As recognized by the trial court in denying the motion for judgment on the pleadings filed by 21300 Management Ltd.,

> Plaintiff seeks declaration that he is a twenty-five percent (25%) member of 21300 Mgmt., that he is entitled to receive true and full information regarding the status of 21300 Mgmt., and an accounting. Accepting all the material factual allegations of the complaint as true,

and construing all reasonable inferences to be drawn from those facts in favor of Plaintiff, Plaintiff has alleged facts that state a claim against 21300 Mgmt.

{¶ 41} Polito and Rodstrom were required to be named as parties to the action in accordance with R.C. 2721.12(A), which requires that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Because the trial court denied the motion for judgment on the pleadings as to 21300 Management Ltd., Polito and Rodstrom remain necessary parties to the proceeding. Accordingly, I concur with the majority opinion.