COSTELL, ADMX., ET AL., APPELLANTS, *v.* TOLEDO HOSPITAL ET AL., APPELLEES.

[Cite as Costell *v.* Toledo Hospital (1988), 38 Ohio St. 3d 221.]

(Nos. 87-532 and 87-442—Submitted May 31, 1988—Decided August 24, 1988.)

*Leizerman, McGill & Williams, E. J. Leizerman* and *Stuart A. Ascher,* for appellants.

*Eastman & Smith* and *Rudolph A. Peckinpaugh, Jr.,* for appellee Toledo Hospital.

*Spengler, Nathanson, Heyman, McCarthy & Durfee* and *James R. Jeffery,* for appellees Harold R. Stevens, M.D., and Katchka, Friedman & Crider, Inc.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., James M. Tuschman* and *Janis L. Small,* for appellees Robert P. Van Bergen, M.D., and

McAlpine, Foster, Montesinos & Van Bergen, Inc.

HOLMES, J. The findings of the courts below were that Civ. R. 41(A)(1) was a voluntary dismissal upon the merits and also that the prima facie tort is not a recognized cause of action within Ohio's courts. We now reverse in part and affirm in part.

I

It has been consistently admitted by the parties that the central issue under Civ. R. 41(A)(1) is whether a voluntary and unilateral dismissal by the plaintiffs is a failure by plaintiffs "otherwise than upon the merits" for purposes of the application of R.C. 2305.19. We need only refer to our recent holding in *Frysinger* v. *Leech* (1987), 32 Ohio St. 3d 38, 512 N.E. 2d 337, to resolve this question. Therein, at paragraph two of the syllabus, we held:

"A voluntary dismissal pursuant to Civ. R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19."

Therefore, we hold that appellants may refile their cause of action as provided by the savings statute, and accordingly reverse the judgment of the court of appeals upon this issue.

II

In appellants' refiled complaint, it was alleged that appellees had committed acts amounting to a "prima facie" tort. The complaint states:

"* * * [T]hese defendants have in the past and continue at present to orchestrate testimony and coerce witnesses favorable to the Plaintiff, including present and former employees of the Toledo Hospital, resulting in testimony and facts being suppressed, altered, distorted and/or misrepresented."

A "prima facie tort" is defined as "the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful. * * *

"Prima facie tort may be invoked when the intention to harm is present, rather than the intention to merely commit the act. * * * Inquiry into the issue of whether a duty exists and to whom it is owed is inappropriate in a prima facie tort action.

"* * *

"The need for the doctrine of prima facie tort arises only because the specified acts relied upon — and which it is asserted caused the injury — are not, in the absence of the intention to harm, tortious, unlawful, and therefore, actionable." Acme, Plaintiff's Proof of a Prima Facie Case (1986) 658, Sections 19:01-19:02. See, also, *id.*, cases collected in footnotes following Section 19:02; *Bajpayee* v. *Rothermich* (1977), 53 Ohio App. 2d 117, 122, 7 O.O. 3d 86, 89, 372 N.E. 2d 817, 820; Notes, The Prima Facie Tort Doctrine (1952), 52 Colum. L. Rev. 503; Brown, The Rise and Threatened Demise of the Prima Facie Tort Principle (1960), 54 N.W. U. L. Rev. 563.

We note that Ohio's courts have not adopted the above-described intentional tort theory. Moreover, such theory has been expressly rejected on the basis that the motive behind an action is not material when one has a legal right to perform such act. *Lancaster* v. *Hamburger* (1904), 70 Ohio St. 156, 71 N.E. 289; *Frazier* v. *Brown* (1861), 12 Ohio St. 294; *Letts* v. *Kessler* (1896), 54 Ohio St. 73, 42 N.E. 765. As to the case before us, appellants have essentially set forth allegations constituting perjury, subornation of perjury, and conspiracy to commit perjury, all of which are punishable under the criminal statutes but which, for

public policy reasons, may not be the basis of a civil lawsuit. Thus, under the facts presented, we are not at this time persuaded that the adoption of the prima facie tort theory would contribute to that body of the law. We therefore affirm the court of appeals' determination upon this issue.

The judgment of the court of appeals is affirmed in part, reversed in part and the cause is remanded.

*Judgment affirmed in part, reversed in part and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.