OPINION
This appeal arises from the trial court's denial of Appellant's motion for postconviction relief. For the following reasons, this appeal is sua sponte dismissed.
On January 8, 1992, Appellant Michael D. Dillon was indicted on one count of aggravated burglary in violation of R.C. § 2901.01 and one count of rape in violation of R.C. § 2907.02. Appellant entered pleas of not guilty and not guilty by reason of insanity. On March 13, 1992, Appellant entered a change of plea pursuant to a Crim.R. 11 agreement whereby the State of Ohio agreed to dismiss the charge of aggravated burglary in exchange for Appellant's guilty plea to the charge of rape. After the trial court accepted the plea agreement, Appellant was sentenced to an indefinite term of not less then ten, nor more than twenty-five years.
On March 25, 1994, this Court granted Appellant's motion to allow a delayed appeal. We affirmed the judgment of the trial court in State v.Dillon (Jan. 12, 1996), Monroe App. No. 725, unreported. On May 24, 1996, Appellant filed an application for delayed reconsideration which we denied by an Opinion and Journal Entry filed on August 15, 1996.
On September 24, 1996, Appellant, pro se, filed a petition for postconviction relief pursuant to R.C. § 2953.21. On April 1, 1997, Appellant filed a motion to withdraw that petition and on April 9, 1997, the trial court filed an order dismissing the petition pursuant to Appellant's request.
Although no actual petition is included in the record, the docket transcript indicates that on August 4, 1997, Appellant filed a second petition for postconviction relief. By a judgment entry filed on August 14, 1997, the trial court ordered Appellant to submit a brief by September 14, 1997. On September 24, 1997, the trial court filed a journal entry denying Appellant's previously filed motions for aid of counsel and for an extension of time. By the same journal entry, the trial court also dismissed Appellant's August 4, 1997 petition due to Appellant's failure to file a brief by the deadline.
On October 24, 1997, Appellant filed his notice of appeal of that dismissal. On November 5, 1997, Appellant filed with the trial court a motion for reconsideration of the dismissal and for an extension of time to file a brief. The trial court denied those motions by a journal entry filed on November 17, 1997.
During the pendency of the appeal filed on October 24, 1997, on February 12, 1998, Appellant filed a third petition for postconviction relief.
On June 12, 1998, the trial court filed findings of fact and conclusions of law wherein it denied Appellant's petition filed on August 4, 1997, despite the fact that it had already dismissed that petition and despite the fact that the matter was presently before this court. Appellant filed a notice of appeal from that decision on June 12, 1998.
On July 2, 1998, Appellant filed a motion for summary judgment and release, apparently with respect to his third petition for postconviction relief filed on February 12, 1998. The state opposed that motion by arguing that the issues therein were res judicata as they were previously addressed by this court on direct appeal and in the delayed motion for reconsideration. On August 10, 1998, the trial court by journal entry denied Appellant's motion for summary judgment on the grounds argued by the State. The trial court marked that judgment as a "final appealable order." However, Appellant did not appeal that decision.
In two briefs filed in this Court, Appellant raises eleven assignments of error. However, we cannot reach the underlying merits of this appeal as the trial court had no jurisdiction over the petitions, the dismissal or denials of which were appealed to this Court. It is well settled that even when not raised by either party, the issue of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings, including for the first time on appeal. Fox v. Eaton Corp.
(1976), 48 Ohio St.2d 236, 238, overruled on other grounds Manning v.Ohio State Library Board (1991), 62 Ohio St.3d 24, paragraph one of the syllabus.
R.C. § 2953.21(A)(2), effective September 21, 1995, provides that a petition for postconviction relief, "* * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." A savings clause exists which states that:
 "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
1995 S 4, § 3, effective 9-21-95. State v. Beaver (1998), 131
Ohio App.3d 458, 461-462. We recently held that the limitation imposed by R.C. § 2953.21(A)(2) and its savings clause is not unconstitutionally retroactive and that the one year time limit provided by the savings clause is a reasonable time for one to assert his right to petition the lower court. State v. Buoscio (Dec. 27, 1999), Mahoning App. No. 98-CA-7, unreported, **3.
In the present matter, Appellant's direct appeal was decided on January 12, 1996. His first petition for postconviction relief was filed on September 24, 1996, well after the trial transcript was filed in this Court for direct appeal. Moreover, the limitation imposed by the savings clause became effective on September 21, 1995. Although Appellant's first petition was filed with the trial court after the one year limit to do so, the record reflects that he forwarded the petition on September 14, 1996. Ordinarily, with respect to prison inmates the date of delivery to prison authorities for mailing is deemed the date of filing. State v.Owens (1997), 121 Ohio App.3d 34, 36. Giving Appellant the benefit of this doctrine, his first petition was timely filed with the trial court. However, as noted earlier, Appellant filed a motion to dismiss his first petition and the trial court filed a judgment entry granting that motion. Appellant's petitions filed on August 4, 1997 and February 12, 1998, were filed well after one year from the enactment of the relevant legislation.
Although Appellant's subsequent petitions were untimely under R.C. § 2953.21(A)(2) and 1995 S 4, § 3, Appellant had yet another opportunity with which to vest jurisdiction in the trial court pursuant to R.C. § 2953.23, which provides in relevant part:
 "(A) * * * a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] * * * unless both of the following apply:
"(1) Either of the following applies:
"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
"(b) Subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
While Appellant has not argued the existence of the preceding factors, we note that in our review of the record there appears some indication that Appellant may have alleged that he was unable to obtain certain documents he deems necessary to his case. On March 27, 1998, Appellant filed a motion asking the trial court to subpoena a sheriff's log which Appellant claims would prove that he was not present at his March 13, 1992, change of plea hearing. However, there is no indication that Appellant "must" have relied upon the sheriff's log to prove his claim. In fact, in his March 27, 1998, motion, Appellant proposed that the Sheriff's records would agree with sworn affidavits of witnesses which stated that Appellant was not present at the hearing. Indeed, the record contains affidavits attached to Appellant's first petition for postconviction relief wherein the affiants asserted that there was no hearing held on March 13, 1992. As Appellant produced other evidence that goes far beyond his assertion that he was not present at the change of plea hearing, the denial of access to the sheriff's log appears inconsequential to any analysis under R.C. § 2953.23. What is clear on review is that the record is devoid of other efforts by Appellant to compel access to the log save for one request for the court to rule on his motion for a subpoena. Based on this and the fact that Appellant makes no argument as to this issue, it cannot be said that Appellant was "unavoidably prevented" from discovering the facts contained within the log. Accordingly, Appellant cannot argue that his petition was timely under the narrow exception provided by R.C. § 2953.23.
We also feel it incumbent to resolve a potential issue created by Appellant's voluntary dismissal of his petition filed on September 24, 1996. The rules of civil procedure generally apply to postconviction proceedings. State v. Lawson 103 Ohio App.3d 307, 313. R.C. § 2305.19
provides that, "[i]n an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year of such date." A voluntary dismissal pursuant to the civil rules constitutes a failure "otherwise than upon the merits" for purposes of R.C. § 2305.19. Costell v.Toledo Hosp. (1988), 38 Ohio St.3d 221, 223. As noted, Appellant's first petition was dismissed by order of the court on April 9, 1997. His subsequent petitions were filed within one year of that dismissal. In light of the fact that Appellant's first petition was properly before the trial court pursuant to the savings clause of R.C. § 2359.21, the question arises, then, whether Appellant may also take advantage of the additional savings clause provided for in R.C. § 2305.19.
The Ohio Supreme Court has expressly stated that a savings statute may be used only once to refile a case. Thomas v. Freeman (1997),79 Ohio St.3d 221, 227. To permit multiple extensions would be to frustrate the intended purpose of rules intended to prevent indefinite filings. Hancock v. Kroger Co. (1995), 103 Ohio App.3d 266, 269. The Ohio Supreme Court has also ruled that R.C. § 2305.15, a savings statute which tolls the applicable statute of limitations while the defendant is out of state, has absconded, been concealed or imprisoned, is not applicable to an action brought under R.C. § 2305.19. Saunders v.Choi (1984), 12 Ohio St.3d 247, 250-251. By analogy, in the matter before us, Appellant's first petition was allowable only pursuant to the savings clause of R.C. § 2953.21. It follows that he may not avail himself of any other savings statute or clause. In addition, the clear purpose of time limits imposed by R.C. § 2953.21(A)(2) is to prevent prisoners from taking advantage of their own inordinate delays. State v. Beaver,supra, 461. Permitting Appellant to take advantage of more than one savings clause would frustrate the purpose of the reasonable time limits imposed by R.C. § 2953.21(A)(2).
For the foregoing reasons, we hold that the trial court lacked subject matter jurisdiction over Appellant's petition for postconviction relief filed on August 4, 1997. Accordingly, this appeal is dismissed.
Donofrio, J., concurs, Vukovich, J., concurs.