ANDERSON, Appellant,

v.

SMITH, Appellee.

[Cite as *Anderson v. Smith*, 196 Ohio App.3d 540, 2011-Ohio-5619.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 11AP–160.

Decided Nov. 1, 2011.

Kim L. Anderson, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.

DORRIAN, Judge.

{¶ 1} Petitioner-appellant, Kim L. Anderson, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to strike filed by respondent-appellee, Scott A. Smith. For the reasons that follow, we affirm.

{¶ 2} Appellant was convicted at a jury trial on charges of engaging in a pattern of corrupt activity, theft, forgery, money laundering, and identity fraud arising from his participation in a mortgage-fraud scheme. This court affirmed appellant's convictions in *State v. Anderson,* 10th Dist. No. 08AP–1071, 2009-Ohio-6566, 2009 WL 4809869. The Supreme Court of Ohio subsequently affirmed this court's judgment on appeal. *In re Cases Held for Decision in State v. Hodge,* 128 Ohio St.3d 234, 2011-Ohio-228, 943 N.E.2d 534, ¶ 6.

{¶ 3} On August 12, 2010, appellant filed in the Franklin County Court of Common Pleas a document captioned "Application to Show Cause for Civil Contempt of Court Order." The application was not filed as part of the criminal proceeding; appellant sought to file the application as an independent case, naming appellee as the respondent. In the application, appellant asserted that appellee had been the prosecutor in the criminal trial and that appellee had perpetrated a fraud on the court by suborning perjured testimony from a witness at the criminal trial. The application did not include a prayer for relief, but it apparently sought civil and criminal penalties against appellee for this alleged act of contempt.

{¶ 4} Appellee filed a motion to strike the application pursuant to Civ.R. 12(F), arguing that the application did not constitute a complaint sufficient to commence a civil action. The trial court found that the application did not qualify as a complaint and granted the motion to strike. Appellant appeals from the trial court's judgment, assigning the following error for this court's review:

> The trial court abused its discretion and erred to the prejudice of the appellant, by denying his petition without a hearing.

{¶ 5} We begin by considering the procedural posture of this case. Under Civ.R. 12(F), upon a party's motion or the court's own initiative, a court may strike an insufficient claim or defense from a pleading. Appellee's motion to strike asserted that the application did not constitute a complaint and should be stricken from the record in its entirety. The trial court's order granting the motion to strike had the effect of terminating the action by striking appellant's only claim for relief. In granting the motion to strike, the trial court concluded that the application did not qualify as a complaint under the Ohio Rules of Civil Procedure. The trial court also held that the application should be stricken because there was no private right of action for contempt capable of forming the basis for a complaint. Thus, the Civ.R. 12(F) ruling functioned as a dismissal of the matter under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. The Supreme Court of Ohio has held that "use of Civ.R. 12(F) in lieu of Civ.R. 12(B)(6) where the issue is sufficiency of an entire complaint does not constitute reversible error based on a mere misdesignation of the appropriate motion, since the question of sufficiency is adequately raised." *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 15, 661 N.E.2d 170. Because appellee's motion to strike challenged the sufficiency of the application, we will apply the Civ.R. 12(B)(6) standard in reviewing the present appeal.

{¶ 6} We review de novo a trial court's dismissal of a case for failure to state a claim upon which relief could be granted. *Festi v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP–1372, 2005-Ohio-3622, 2005 WL 1670796, ¶ 9. In considering a motion to dismiss for failure to state a claim, "[t]he court must presume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party." Id. The court may dismiss a case under Civ.R. 12(B)(6) only when it " 'appear[s] beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " Id., quoting *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.

{¶ 7} In the application, appellant claims that appellee perpetrated a fraud on the court by suborning perjury at the criminal trial. Appellant asserts that this conduct is punishable as contempt of court. We must determine whether, assuming the allegations contained in the application are true, the trial court could issue the relief appellant seeks.

{¶ 8} Contempt is generally " 'conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.' " *Denovchek v. Bd. of Trumbull Cty. Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, quoting *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus. The power to punish contempt is an inherent power of the courts.

*State ex rel. Lowery v. McArver*, 10th Dist. No. 09AP–313, 2009-Ohio-6844, 2009 WL 5062120, ¶ 7; *Bank One Trust Co., N.A. v. Scherer*, 10th Dist. No. 08AP–288, 2008-Ohio-6910, 2008 WL 5423330, ¶ 29. Contempt may be classified as direct or indirect. "It is said that direct contempt takes place in the presence of the court, and indirect contempt is all other contempt." *Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 202, 299 N.E.2d 686. Taking the assertions in appellant's application as true, we will consider whether the alleged misconduct by appellee would be punishable as direct or indirect contempt.

{¶ 9} The General Assembly has enacted statutes governing the exercise of a court's inherent power to punish contempt, under R.C. Chapter 2705, but "[t]he accepted doctrine is that statutes pertaining to contempt of court merely regulate the power of the court to punish for contempt, instead of creating the power." *State ex rel. Turner v. Albin* (1928), 118 Ohio St. 527, 531, 161 N.E. 792. R.C. 2705.01 addresses direct contempt; it provides that a court "may summarily punish a person guilty of misbehavior in the presence of or so near the court * * * as to obstruct the administration of justice." R.C. 2705.02(B) provides that "[m]isbehavior of an officer of the court in the performance of official duties" may be punished as indirect contempt. A hearing procedure for indirect contempt charges is provided under R.C. 2705.03 and 2705.05.

{¶ 10} Neither R.C. 2705.01 nor R.C.2705.02 expressly authorizes a party to sue for contempt of court. Absent an express right of action, therefore, we must consider whether either statute creates an implied right of action for contempt of court. In determining whether a private right of action should be inferred from a statute, Ohio courts have relied on a three-part test adapted from the United States Supreme Court decision in *Cort v. Ash* (1975), 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26. *Strack v. Westfield Cos.* (1986), 33 Ohio App.3d 336, 337, 515 N.E.2d 1005;[1] *Doe v. Adkins* (1996), 110 Ohio App.3d 427, 435, 674 N.E.2d 731; *Gomez v. Noble Cty. Children Servs.*, 7th Dist. No. 09 NO 361, 2010-Ohio-1538, 2010 WL 1316705 (Waite, J., concurring in part and dissenting in part). That test examines (1) whether the statute creates a right in favor of the plaintiff, (2) whether there is any indication of legislative intent, explicit or implicit, to create or deny a remedy through private right of action, and (3) whether it is consistent with the underlying purposes of the legislative scheme to infer such a remedy. *Strack* at 337, 515 N.E.2d 1005; *Adkins* at 435, 674 N.E.2d 731.

---

1. As explained in *Strack*, the *Cort* decision provided a four-part test. However, the fourth prong of the test—whether " 'the cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law' "—applies only to federal courts in diversity cases. *Strack* at 337, 515 N.E.2d 1005, quoting *Cort*, 422 U.S. at 78, 95 S.Ct. 2080, 45 L.Ed.2d 26.

{¶ 11} Applying the *Cort* test, it is clear that R.C. 2705.01 and 2705.02 do not create a private right of action. As explained above, these statutes do not create the power to punish contempt, which is inherent in the judiciary. The statutes simply regulate the exercise of this power. Moreover, the statutory structure for regulating punishment of contempt was not intended to create a private, independent right of action for the type of misconduct that appellant alleges here. The creation of such a private right of action is demonstrated by the language contained in R.C. 2705.031(B)(1), which provides that "[a]ny party who has a legal claim to any support ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support." Likewise, R.C. 2705.031(B)(2) authorizes those who are vested with parenting time or visitation rights under a court order or decree to file a contempt action for failure to comply with the decree or order. By contrast, R.C. 2705.01 and 2705.02 simply outline the acts that may be punished as contempt. Had the General Assembly intended to create an independent claim for contempt under these statutes, it could have utilized similar language to that in R.C. 2705.031, providing that a party aggrieved by one of the punishable acts can initiate a complaint for contempt.

{¶ 12} Thus, R.C. 2705.01 and 2705.02 do not create a private right of action for an independent contempt claim based on the type of misconduct appellant alleges in this case. Absent such a statutorily created right, there is no basis for appellant's claim for relief. Accordingly, the application fails to state a claim upon which relief can be granted.

{¶ 13} Additionally, we note that "[w]hile perjury, subornation of perjury, and conspiracy to commit perjury are punishable under criminal statutes, they may not, for public policy reasons, form the basis of a civil lawsuit." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 16, citing *Costell v. Toledo Hosp.* (1988), 38 Ohio St.3d 221, 223–224, 527 N.E.2d 858. "As an exception to [the] general rule of law [that a person injured by the criminal act of another may seek redress through a civil action], there is a very well established rule that no action lies to recover damages caused by perjury, false swearing, subornation of perjury, or an attempt to suborn perjury, whether committed in the course of, or in connection with, a civil action or a criminal prosecution, regardless of whether the perjurer was a party to, or a witness in, the action or proceedings." *Schmidt v. State Aerial Farm Statistics, Inc.* (1978), 62 Ohio App.2d 48, 50, 403 N.E.2d 1026. Given that appellant could not have filed a civil claim seeking to recover damages for suborning perjury, it is consistent to conclude that he may not file an independent contempt action seeking sanctions for the same alleged act.

{¶ 14} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

BROWN and FRENCH, JJ., concur.