[Cite as *Collier-Hammond v. State*, 2020-Ohio-2716.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

ROSALYND COLLIER-HAMMOND,    :

    Plaintiff-Appellee,     :

                                   No. 108368

    v.     :

STATE OF OHIO,     :

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 30, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-885144

---

***Appearances:***

Marein and Bradley, Mark B. Marein, and Steven L. Bradley, *for appellee.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian R. Gutkoski, Assistant Prosecuting Attorney, Dave Yost, Ohio Attorney General, and Thomas E. Madden, Assistant Attorney General, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant, the state of Ohio, appeals the trial court's judgment in favor of plaintiff-appellee, Rosalynd Collier-Hammond ("Collier"), and

dismissal of the state's third-party complaint against Collier's daughter, A.Y. ("Young").[1] We affirm.

**{¶ 2}** The history of this case as stated in *State v. Collier*, 8th Dist. Cuyahoga No. 103857, 2016-Ohio-4951, ¶ 2 ("*Collier III*"),[2] is as follows,

> [i]n an indictment filed October 15, 1996, Collier was charged with thirty-four counts of rape of her minor daughter, A.Y. in violation of R.C. 2907.02. Counts 1-12 alleged offenses occurring between October 20, 1987 and October 19, 1988, Counts 13-24 alleged offenses occurring between October 20, 1988 and October 19, 1989, and Counts 25-34 alleged offenses occurring between October 20, 1989 and July 31, 1990. A bill of particulars filed December 31, 1996 indicated that these offenses occurred at hotels or motels in the greater Cleveland area, in Cuyahoga County, Ohio. *State v. Collier*, 8th Dist. Cuyahoga No. 76433, 2000 Ohio App. LEXIS 3376 (July 27, 2000) ["*Collier I*"].

**{¶ 3}** Following trial, Collier was found guilty of two counts of rape against Young. Collier was sentenced to two concurrent life sentences. The trial court further found Collier a sexually oriented offender but not a sexual predator. The convictions and sentences were affirmed on appeal. *Collier I.*

## I.   Facts and Procedural History

**{¶ 4}** The facts and procedural history of the case are found in *Collier III*, stating,

> The evidence at trial disclosed that the victim of these offenses, A.Y., was the daughter of Collier and Floyd Young and was born on October 20, 1983. A.Y. testified Collier would force her to perform oral sex.

---

[1] Young is also referred to as A.Y.

[2] *See State v. Collier*, 8th Dist. Cuyahoga Nos. 73893 and 73894, 1998 Ohio App. LEXIS 3299 (July 16, 1998) for *Collier II,* where the court of appeals reversed the trial court's ruling and held the results of the polygraph test were not admissible at trial because the parties had not stipulated to the test or its admissibility.

These incidents occurred three or four times per week at various motels on Euclid Avenue and at the house where they lived. Most of the time, Collier would ingest cocaine immediately before these incidents. Sometimes, Collier's boyfriend was present. A.Y. testified that Collier would instruct her boyfriend to hit A.Y. with a belt when A.Y. refused, and he did so.

Following trial, the jury found Collier guilty of Counts 1 and 2 of the amended indictment and not guilty of the remaining charges. The court sentenced Collier to two concurrent terms of life imprisonment. The court further found Collier a sexually oriented offender but not a sexual predator. The convictions and sentences were affirmed on appeal. *Collier I.* The Ohio Supreme Court granted Collier's motion for a delayed appeal. *State v. Collier*, 90 Ohio St.3d 1471, 738 N.E.2d 383 (2000). Subsequently, the Ohio Supreme Court declined to exercise jurisdiction and dismissed the appeal. *State v. Collier*, 91 Ohio St.3d 1458, 743 N.E.2d 399 (2001).

On April 20, 1999, Collier filed her first motion for a new trial based on juror misconduct. After an evidentiary hearing at which Collier was represented by appointed counsel, the trial court overruled the motion on May 11, 1999.

*Collier III* at ¶ 5-7.

{¶ 5} In 2014, Collier's sister contacted A.Y. on Facebook, and after several conversations, A.Y. expressed her desire to recant her original testimony and claim that Collier never sexually abused her. As a result,

[o]n May 14, 2015, Collier filed a motion for leave to file a motion for a new trial. The state filed a brief in opposition to the request on June 15, 2015, and Collier filed a reply brief on July 9, 2015.

On July 15, 2015, the trial court set September 10, 2015 as the date for an evidentiary hearing on Collier's motion. On July 29, 2015, the trial court granted Collier leave to file a delayed motion for a new trial. The court informed the parties that it would consider the briefs already filed; however the parties could file supplemental briefs if they so desired.

On August 31, 2015, the state filed a motion in limine to exclude 1). The polygraph examination results of the co-defendant Reynard Hammond from evidence; 2). Testimony related to the allegation of juror misconduct during the original trial and 3). Testimony from the trial judge who presided over the jury trial in 1999. Collier filed a brief in opposition on September 8, 2015.

The trial court granted the state's motion in part on September 10, 2015. Specifically, the trial court ruled that the results of the polygraph results were inadmissible; however the willingness of a party to take a polygraph test could be admitted; evidence of juror misconduct would not be allowed on the basis of res judicata; no witness would be allowed to vouch for the credibility of any other witness; and the testimony of the trial judge would be permitted but the scope of her testimony will be very limited, if ultimately permitted at all.

*Collier*, 8th Dist. Cuyahoga No. 103857, 2016-Ohio-4951, ¶ 8-11.

{¶ 6} The trial court granted Collier's request for a new trial, and stated,

The Court has taken into consideration all the testimony provided at the hearing, the trial transcript, and the exhibits. The Court finds [A.Y.'s] testimony at hearing to be credible when taken in conjunction with all the other evidence in the case. For all the reasons set forth in this decision, the Court grants the motion for new trial.

*Id.* at ¶ 56.

{¶ 7} The state appealed arguing that the trial court erred in granting Collier a new trial. This court in *Collier III* considered the trial court's decision granting Collier a new trial and concluded, "[t]he state has failed to sufficiently demonstrate a probability that the trial court erred when it granted Collier's motion for new trial. Accordingly, we deny the state's motion for leave to appeal. The state's appeal is dismissed." *Id.* at ¶ 97.

{¶ 8} After the state's appeal was dismissed, the trial court dismissed all charges against Collier finding that "re-trial is prohibited on double jeopardy

grounds pursuant to *State v. Ogle*, 8th Dist. Cuyahoga No. 87695, 2007-Ohio-5066." Journal entry No. 98404667 (Apr. 7, 2017).

{¶ 9} The following year, Collier filed a claim of statutory wrongful imprisonment against the state. The state answered and pleaded a third-party complaint against A.Y. because she recanted her testimony that Collier raped her. A.Y. filed a motion to dismiss the state's complaint under Civ.R. 12(B)(6). The trial court granted the motion to dismiss. The state filed a reconsideration in the trial court, stating,

> [o]n December 12, 2017, this Honorable Court issued an order dismissing Defendant State of Ohio Third-Party Complaint bringing claim against [A.Y.] under R.C. 2307.60. In doing so, the Court expressly relied on information outside of the pleadings to wit: that [A.Y.] has not been convicted of perjury. In prematurely dismissing the State's claim, this Honorable Court further relied upon non-binding, authority from the 10th District. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 16 (10th Dist.). The Court did not address binding precedent from the 8th District holding a conviction is **not** required to state claim under R.C. 2307.60. *See* State's Br. in Opp. (filed 12/7/17) at p. 4 (noting, "R.C. 2307.60 provides that any victim of criminal act may recover 'full damages' in civil action. **The section specifically provides that criminal conviction of the crime is not condition precedent to civil liability**. *Gonzalez v. Spofford*, 8th Dist. No. 85231, 2005-Ohio-3415, ¶ 27.

Motion No. 4719189 (Sept. 24, 2018).

{¶ 10} The trial court denied the state's motion for reconsideration of the third-party complaint. The trial court, in its journal entry, stated,

> [t]he third-party complaint attempted to assert a civil action against [A.Y.] for her recanting testimony from a criminal case, in other words, perjury. "While perjury, subornation of perjury, and conspiracy to commit perjury are punishable under criminal statutes,

they may not, for public policy reasons, form the basis of a civil lawsuit." *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, [¶ 16] (10th Dist.), citing *Costell v. Toledo Hosp.*, 38 Ohio St.3d 221, 223-[2]24, [527 N.E.2d 858] (1988). "'[T]he giving of false testimony in a judicial proceeding * * * does not give rise to a civil action for damages resulting from the giving of the false testimony' even where it is alleged that the witness knew the testimony to be false." *Id.,* citing *Schmidt v. State Aerial Farm Statistics, Inc.*, 62 Ohio App.2d 48, 51, [403 N.E.2d 1026] (6th Dist.1978); *see also Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, ¶ 17. "Although a person injured by the criminal act of another may ordinarily obtain civil relief, an exception exists in the 'very * * * well established rule that no action lies to recover damages caused by perjury, false swearing, subornation of perjury, or an attempt to suborn perjury, * * * committed in the course of, or in connection with, a civil action or criminal prosecution, regardless of whether the perjurer was a party to, or a witness in, the action or proceedings.'" *Morrow*, at ¶ 16, citing *Schmidt*, 62 Ohio App.2d at 51, [403 N.E.2d 1026].

Because Ohio law does not recognize a civil action for perjury, the state of Ohio's third-party complaint failed to state a claim upon which relief can be granted whether a conviction is required under R.C. 2307.60 is completely irrelevant when the purported cause of action is not recognized under Ohio Law.

Journal entry No. 105899656 (Oct. 16, 2018).

{¶ 11} The state requested a jury to determine whether Collier was a wrongfully imprisoned individual. Collier filed a motion to strike the state's jury demand. On August 23, 2018, the trial court granted Collier's motion to strike jury demand and determined that a jury is not necessary to determine whether Collier qualifies as a wrongfully imprisoned person.

{¶ 12} The trial court then determined that Collier was a wrongfully imprisoned individual pursuant to R.C. 2743.48. Journal entry No. 106876567 (Jan. 2, 2019). On January 29, 2019, the state filed a motion for new trial, or

alternatively to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1), and the trial court denied the state's motion. As a result, the state filed this timely appeal assigning five errors for our review:

I.     The trial court committed reversible error when it dismissed the state's third-party complaint against [A.Y.], who, if believed, perjured herself in 1999;

II.    The trial court committed reversible error when it denied the state's jury demand;

III.   The trial court ruled against the manifest weight of the evidence when it certified appellee was a wrongfully imprisoned individual;

IV.    The trial court committed reversible error when it denied the state's motion for new trial; and

V.     The trial court's errors cumulatively require a new trial.

## II.     Subject-Matter Jurisdiction and Motion to Dismiss Under Civ.R. 12(B)(6)

### A.     Standard of Review

{¶ 13} The trial court dismissed the state's third-party complaint for failure to state a claim upon which relief can be granted.

> An appellate court's standard of review on a Civ.R. 12(B)(6) motion to dismiss is as follows:
>
> Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.
>
> (Citations omitted.) *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). For a trial

court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 129, ¶ 3 (8th Dist.).

*Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.).

## B. Whether Collier Was Required to State Claims She had Against her Daughter whose Testimony in 1999 Resulted in Collier's Imprisonment

{¶ 14} The state argues that Collier's failure to make A.Y. a party defendant, in accordance with R.C. 2721.12(a), deprived the trial court of subject-matter jurisdiction.

R.C. 2721.12(A) provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." As we observed in *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 273, 328 N.E.2d 395 (1975), "'only those persons who are legally affected are proper parties to a lawsuit.'" *Id.* at 273, quoting *Schriber Sheet Metal & Roofers v. Shook*, 64 Ohio App. 276, 285, 28 N.E.2d 699 (2d Dist.1940).

*Paulozzi v. Rodstrom*, 8th Dist. Cuyahoga No. 107799, 2019-Ohio-4157, ¶ 27, quoting *Rumpke Sanitary Landfill, Inc. v. State*, 128 Ohio St.3d 41, 2010-Ohio-6037, 941 N.E.2d 1161, ¶ 14.

{¶ 15} A.Y. is not a necessary party to this declaratory-judgment action because she does not have a legally protectable interest in rights that are the subject-matter of the action. *See, e.g.*, *Potts v. Unglaciated Indus.*, 2016-Ohio-8559, 77 N.E.3d 415, ¶ 50 (7th Dist.). The state is incorrect in its assertion that Collier was required to make A.Y. a party defendant. When a defendant makes a claim for

wrongful imprisonment, it is an action for a declaratory judgment against the state, not a particular witness.

> The wrongful-imprisonment statute, R.C. 2743.48, was added to the Revised Code in 1986 by Sub.H.B. No. 609 "to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals." 141 Ohio Laws, Part III, 5351. The statute was designed to replace the former practice of compensating those wrongfully imprisoned by ad hoc moral-claims legislation.

*Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 10.

{¶ 16} We find that the state has not demonstrated that A.Y. has an interest that would be affected by the declaration. As the law states, "only those persons who are legally affected are proper parties to a lawsuit." *Rumpke Sanitary Landfill, Inc.*, at ¶ 14. A.Y. does not have a legal interest in rights that are the subject matter of the cause of action. "A party is legally affected by a cause of action if the party has a legal interest in rights that are the subject matter of the cause of action. *See, e.g., Huggins v. John Morrell & Co.*, 176 Ohio St. 171, 175, 198 N.E.2d 448 (1964)." *Id*. The action is between the state and Collier. We find that the trial court was not deprived of subject-matter jurisdiction.

## C. Whether the State's Claim Against A.Y. was Properly Dismissed

{¶ 17} The state contends that the trial court erred by dismissing its motion to reconsider dismissal of its third-party complaint against A.Y. The trial court dismissed the motion "because Ohio law does not recognize a civil action for perjury." Journal entry No. 101727562 (Dec. 12, 2017).

Additionally, we note that, "[w]hile perjury, subornation of perjury, and conspiracy to commit perjury are punishable under criminal statutes, they may not, for public policy reasons, form the basis of a civil lawsuit." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶16, citing *Costell v. Toledo Hosp.*, 38 Ohio St.3d 221, 223-24, 527 N.E.2d 858 (1988). "As an exception to [the] general rule of law [that a person injured by the criminal act of another may seek redress through a civil action], there is a very well established rule that no action lies to recover damages caused by perjury, false swearing, subornation of perjury, or an attempt to suborn perjury, whether committed in the course of, or in connection with, a civil action or a criminal prosecution, regardless of whether the perjurer was a party to, or a witness in, the action or proceedings." *Schmidt v. State Aerial Farm Statistics, Inc.*, 62 Ohio App.2d 48, 50, 403 N.E.2d 1026 (1978).

*Anderson v. Smith*, 196 Ohio App.3d 540, 2011-Ohio-5619, 964 N.E.2d 468, ¶ 13 (10th Dist.).

{¶ 18} A claim for wrongful imprisonment is a civil action against the state. Committing perjury, which is the state's claim against A.Y., is a criminal action in violation of R.C. 2921.11. The state attempts to use R.C. 2307.60(A)(1), which provides, "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law * * *," to demonstrate that Collier can recover damages from A.Y. in a civil action.

{¶ 19} However, the state consistently ignores, in all of its motions, that Collier's wrongful imprisonment claim is against the state, not A.Y. An individual making a wrongful imprisonment claim can only make that claim against the state. *See, e.g., Doss*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, at ¶10. Therefore, Collier cannot recover damages in a civil action against A.Y. for perjury. *See, e.g., Morrow*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, at ¶ 16.

("[T]he giving of false testimony in a judicial proceeding * * * does not give rise to a civil action for damages resulting from the giving of the false testimony" even where it is alleged that the witness knew the testimony to be false.")  The trial court is correct in its assertion that the state fails to state a claim upon which relief can be granted.

{¶ 20} The state's first assignment of error is overruled.

### III.  Motion to Strike Jury Demand

{¶ 21}  The state argues that the trial court erred by granting Collier's motion to strike the state's jury demand.  "The right to a jury trial is not, however, absolute.  The Constitution does not entitle all civil litigants to a trial by jury."  *Arrington v. DaimlerChrysler Corp.*, 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004, ¶ 22. "[T]he Supreme Court of Ohio has prescribed a historical test for determining whether the right to a jury trial exists.  Specifically, the court has suggested that the controlling standard is whether the right existed under the common law prior to the adoption of the Ohio Constitution."  *State ex rel. Montgomery v. Portage Landfill & Dev. Co.*, 11th Dist. Portage No. 98-P-0033, 1999 Ohio App. LEXIS 3093, *9 (June 30, 1999).

{¶ 22} The right to a jury trial in claims of wrongful imprisonment did not exist in common law, because R.C. 2743.48 did not exist until 1986.  Thus, Section 5, Article I of the Ohio Constitution does not preserve a right to a jury trial for the type of action filed against the State.  Also, the state did not have a statutory right to a jury trial.  "As a general matter, there are two types of statutes that grant a jury

trial. The first type of statute is one which sets forth a broad description of those matters which may properly be tried by a jury." *Id.* "The second type of statute is one in which the right to a jury trial is expressly provided for by the statutory scheme which authorizes the underlying action." *Id.* R.C. 2743.48, does not set forth a description of matters that may be tried by a jury, nor does it expressly provide a statutory scheme for a right to a jury trial. In fact, R.C. 2743.48 requires that the court of common pleas determine in a civil action whether a person is a wrongfully imprisoned individual.

{¶ 23} In a previous case, the state filed a motion to strike a similar jury demand in a wrongful imprisonment case against the state, and argued that a jury trial is not authorized by R.C. 2743.48. In the state's motion, the state argued that,

> [h]istorically, sovereign immunity has protected the State against claims of wrongful imprisonment. The State waived its sovereign immunity for claims of wrongful imprisonment upon the enactment of R.C. 2743.48 in 1986, which provided a cause of action against the State for wrongfully imprisoned individuals. R.C. 2743.48 sets forth the procedure that a part must follow to seek compensation from the State. However, in passing R.C. 2743.48, the legislature was silent in this specific section of the Revised Code on whether a party seeking a declaration of wrongful imprisonment was entitled to a jury. Thus, the court must read R.C. 2743.48 in pari material with the other sections of Revised Code Chapter 2743.
>
> When the State waived sovereign immunity for certain actions in R.C. Chapter 2743, the State was clear that a party is not entitled to a jury.

State's Motion to Strike Jury Demand in *Worley v. State*, Cuyahoga C.P. No. CV-13-803166 (Jul. 24, 2013). Motion No. 79276565 (May 7, 2013).

**{¶ 24}** The state cannot have it both ways, i.e., claiming that a party seeking a declaration of wrongful imprisonment is not entitled to a jury trial in one case, but then claiming that the state is entitled to a jury trial when defending an action against a party seeking to be declared wrongfully imprisoned. Accordingly, the trial court did not abuse its discretion in granting Collier's motion to strike.

**{¶ 25}** The state's second assignment of error is overruled.

## IV. Manifest Weight of the Evidence

### A. Standard of review

**{¶ 26}** When an appellate court reviews a civil appeal from a bench trial,

> we apply a manifest weight standard of review. *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, 952 N.E.2d 1181, ¶ 5 (8th Dist.), citing App.R. 12(C) and *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 10 Ohio B. 408, 461 N.E.2d 1273 (1984). A verdict supported by some competent, credible evidence going to all the essential elements of the case must not be reversed as being against the manifest weight of the evidence. *Domaradzki v. Sliwinski*, 8th Dist. Cuyahoga No. 94975, 2011-Ohio-2259, ¶ 6; *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

> As the Ohio Supreme Court explained in *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517:

> "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'"

*Id.* at ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990).

In assessing whether a verdict is against the manifest weight of the evidence, we examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the verdict must be overturned and a new trial ordered. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

*Doss v. State*, 8th Dist. Cuyahoga No. 104867, 2017-Ohio-1286, ¶ 30-32.

## B.  Whether the Trial Court's Judgment was Against the Manifest Weight of the Evidence

**{¶ 27}** The state argues that the trial court erred in certifying Collier as a

wrongfully imprisoned individual.

As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony, felony, or misdemeanor.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal and all of the following apply:

(a) No criminal proceeding is pending against the individual for any act associated with that conviction.

(b) The prosecuting attorney in the case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court, provided that this division does not limit or affect the seeking of any such appeal after the expiration of that one-year period as described in division (C)(3) of this section.

(c) The prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation, within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against the individual for any act associated with that conviction, provided that this division does not limit or affect the bringing of any such proceeding after the expiration of that one-year period as described in division (C)(3) of this section.

(5) Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person. In addition to any other application of the provisions of this division regarding an error in procedure that occurred prior to, during, or after sentencing, as those provisions exist on and after the effective date of this amendment, if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law in effect prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after that effective date, the individual may file a claim and obtain the benefit of those provisions.

R.C. 2743.48(A).

{¶ 28} Collier satisfies R.C. 2743.48(A)(1)-(4). However, Collier, pursuant to R.C. 2743.48(A)(5), bears the burden of demonstrating that she did not rape A.Y., or that any other person did not rape A.Y. *See, e.g., Doss* at ¶ 36 ("Only after the trial court makes a determination that the claimant satisfied his burden will the claimant then qualify as a wrongfully imprisoned person under the statute"). However, the state did not affirmatively assert that Collier did not satisfy R.C. 2743.48(A)(5), but rather argues that there is a financial incentive for A.Y. to recant her original testimony, because Collier is subject to receive over $1.4 million dollars in restitution. The state also contends that recantation of testimony is not synonymous with a declaration of innocence, because this court has decided in the past that recantations can be unreliable and should be carefully scrutinized. *See State v. Nash*, 8th Dist. Cuyahoga No. 87635, 2006-Ohio-5925, ¶ 10. ("Recantation by a significant witness does not, as a matter of law, entitle a defendant to a new trial. This determination is left to the sound discretion of the trial court.").

{¶ 29} The trial court noted in its findings of facts and conclusion of law, "[i]n observing A.Y.'s demeanor, gestures, and voice inflections, this Court finds her recantation testimony credible." The trial court also noted that A.Y.'s father's inconsistent testimony "reinforces the probability that no rapes occurred."

{¶ 30} The state has not demonstrated that the trial court erred in determining that Collier was a wrongfully imprisoned individual. There is no

evidence that the trial court clearly lost its way and created such a manifest miscarriage of justice that the decision must be overturned.

{¶ 31} The state's third assignment of error is overruled.

## V.    Motion for New Trial

### A.    Standard of Review

{¶ 32} Generally it is the discretion of the trial judge whether to grant or deny a motion for a new trial when evidence has been newly discovered, and the trial judge's decision will not be disturbed unless the trial judge abused that discretion. *State v. Williamson*, 8th Dist. Cuyahoga Nos. 107117, 107162, and 107916, 2019-Ohio-1985, ¶ 12. "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.    Whether the Trial Court Properly Denied the State's Motion for a New Trial

{¶ 33} The state argues that the trial court committed reversible error when it denied the state's motion for a new trial.  The state sought a new trial under Civ.R. 59(A)(6), which states, in part, that a new trial may be granted if,

> "[t]he judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case."

{¶ 34} We have previously determined that the state's assignment of error regarding weight of the evidence lacked merit.

{¶ 35} The state also contends that a new trial should have been granted under Civ.R. 59(A)(7) because the state was entitled to try the case before a jury. We have previously determined that the state's assignment of error regarding the jury demand also lacked merit.

{¶ 36} Additionally, the state argues that a new trial should have been granted under Civ.R. 59(A)(9) because Collier cannot satisfy R.C. 2743.48(A)(4) as a matter of law. The state contends that A.Y.'s convictions were not vacated, dismissed, or reversed on appeal. A review of the record reveals that the trial court vacated A.Y.'s conviction. The state filed an appeal, and a panel of judges from the Fifth District Court of Appeals, sitting for this court by assignment, dismissed the state's appeal, stating, "[b]ecause we find no abuse of discretion, and because the state has failed to sufficiently demonstrate a probability that its claimed errors did in fact occur, we deny the state's motion for leave to appeal and dismiss this appeal." *Collier III* at ¶ 1.

{¶ 37} The state's assertions that Collier cannot satisfy R.C. 2743.48(A)(4) are misplaced where the trial court vacated Collier's convictions and the decision was affirmed on appeal.

{¶ 38} The state's fourth assignment of error is overruled.

## VI. Cumulative Errors

{¶ 39} The state argues that the trial court's errors cumulatively require a new trial. "Under the doctrine of cumulative error, 'a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even

though each of the numerous instances of trial-court error does not individually constitute cause for reversal.'" *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 321, quoting *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 223.  This court has previously decided that "the cumulative error doctrine applies in civil cases." *Daniels v. Northcoast Anesthesia Providers, Inc.*, 2018-Ohio-3562, 120 N.E.3d 52, ¶ 66 (8th Dist.).

{¶ 40} However, after reviewing the assignments of error, one through four, we find that the state has not demonstrated that the trial court erred.  Therefore, the doctrine of cumulative error does not apply and the state's fifth assignment of error is overruled.

{¶ 41} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY

KEYWORDS
#108368

Third-party complaint, jury demand, motion for new trial, manifest weight of the evidence, wrongfully imprisoned individual, R.C. 2743.48.

The trial court did not err when it dismissed the state's third-party complaint against the appellee's daughter, because she does not have a legally protected interest in rights that are the subject matter of the action. The trial court did not err when it denied the state's jury demand, because the Constitution does not entitle all civil litigants to a trial by jury. The trial court did not err when it denied the state's motion for a new trial. The trial court judgment was not against the manifest weight of the evidence when it certified the appellee as a wrongfully imprisoned individual as defined by R.C. 2743.48.